PROVOSTY, J.
Plaintiff sues his wife for a separation from bed and board on the ground of excesses and cruel treatment and attempt to take his life. The excesses and cruel treatment are alleged to have consisted in that his wife habitually uses vulgar language, and curses and reviles him, and is subject to violent outbursts of temper, and is frequently under the influence of liquor, neglects her household duties, squanders the money allowed her for household expenses in other ways, keeps the house in a filthy condition, and fails to prepare the meals; that on one occasion she threw herself down in the rear yard, and screamed and yelled, and cursed and abused him, and tore off her cloth *193 ing, exposing her person to the presence of several spectators, people of the house and neighbors; that on March 30, 1906, she attacked him with a water bucket, and got into a rage and abandoned the matrimonial domicile, taking their one child, a girl aged seven years, with her.
These allegations may be said to be fully proved, if the witnesses are to be believed.
On the other hand, the defendant alleges herself to be a model wife, gentle, loving, dutiful ; whereas, her husband is a violent brute, who has, etc.
She, in reconvention, prays for a separation from bed and board.
Her allegations would clearly entitle her to a judgment, if proved, and, like those of the plaintiff, may be said to be fully proved, if her witnesses are to be believed.
The whole case depends upon which set of witnesses are to be believed. They are about equal numerically. The trial judge believed those of plaintiff, and gave plaintiff judgment as prayed, and awarded him the custody of the child. The parties have been living apart since March, 1906, and are unlikely to live again together, even though a legal separation were refused them. We cannot be positive that the trial judge, who saw and heard the witnesses, had erred; hence we find ourselves compelled to affirm his judgment— somewhat reluctantly, we admit. We should have been better satisfied if both demands had been dismissed.
The two attempts at taking life, though testified to by two witnesses are in their circumstances so improbable as to be hardly credible. The rest of the evidence on the side of the plaintiff has verisimilitude, while that in behalf of • defendant impresses us a good deal as having been made out of whole cloth. '
We repeat, we cannot be positive that there is error in the judgment.
Judgment affirmed.