**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert REID, Defendant-Appellant.**

No. 78–5326

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1978.

Theodore J. Sakowitz, Federal Public Defender, Joel Kaplan, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Karen L. Atkinson, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

AINSWORTH, Circuit Judge:

Robert Reid appeals his conviction on one count of transporting stolen securities in interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C. § 2314, and one count of violating 18 U.S.C. § 371 by conspiring to violate section 2314.[1] While conceding that the Government

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. The jury also convicted Reid on a third count, which charged him with receiving and concealing stolen securities that were a part of interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C. § 2315. However, the district judge subsequently sustained an objection by defense counsel to the jury instructions regarding this offense and dismissed this count of the indictment.

proved every other essential element of each offense, Reid asserts that it failed to show that the securities had a "value of $5,000 or more," as required to establish federal jurisdiction under section 2314. This contention is groundless and we therefore affirm the convictions.

Reid and a fellow conspirator were arrested on September 30, 1977, in Boyton Beach, Florida, after the coconspirator had negotiated the sale of 18 stolen stock certificates, each representing 100 shares of common stock in McDonald Corporation, to two undercover FBI agents. Later, Reid confessed that he had transported the certificates from New York City to Florida and admitted having known that the stock was stolen.

■ 18 U.S.C. § 2314 prohibits the transportation in interstate commerce of "any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen." 18 U.S.C. § 2311 defines "value" as "the face, par or market value, whichever is the greatest," and provides that "the aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof." The 1800 shares of McDonald's stock involved here had neither face nor par value, so the Government had to demonstrate that the market value of the shares was $5,000 or more to bring Reid's activities within the scope of section 2314. Though the "standard test for determining market value of stolen property is the price a willing buyer would pay a willing seller at the time and place the property was stolen," *Herman v. United States*, 5 Cir., 1961, 289 F.2d 362, 366, we have emphasized that "the willing buyer-willing seller formula need not always be confined to the time and place of theft. Instead . . : value may be determined at any time during the receipt or concealment of stolen property." *United States v. McClain*, 5 Cir., 1977, 545 F.2d 988, 1004.

At trial, the Government presented testimony regarding the closing price of McDonald's common shares on the New York Stock Exchange as of September 29, 1977, the day before Reid was apprehended. According to this market quotation, the stock had closed at 50⅜ per share, giving the 18 certificates, each representing 100 shares, an aggregate value of more than $90,000. Nevertheless, Reid now claims that the stock lacked any genuine market value; because the owner had not endorsed the certificates and had placed a stop transfer order on the shares, Reid contends that the stock could not have been transferred or sold and was therefore essentially worthless.

■ This argument, if accepted, would thwart the preeminent goal of the federal stolen property laws. These statutes have several important aims, but we have recognized that Congress intended as their "ultimate beneficiary . . . the property owner who thereby enjoys greater governmental protection of property rights." *United States v. McClain, supra*, 545 F.2d at 994. It is clear that the market value of stolen securities for purposes of section 2314 "is not affected by the fact that forgery would be necessary to transfer them, or that a stop transfer order had been placed by reason of the theft." *United States v. Neary*, 7 Cir., 1977, 552 F.2d 1184, 1189. Accordingly, we reject Reid's sole contention on appeal and affirm his convictions under both counts of the indictment.

AFFIRMED.