**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Philip A. BRAZIEL,
Defendant-Appellant.**

**No. 79–5323
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1980.

David Roth, West Palm Beach, Fla., for defendant-appellant.

Karen L. Atkinson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, HILL, and KRAVITCH, Circuit Judges.

JAMES C. HILL, Circuit Judge:

A jury found appellant Philip Braziel guilty of two counts of secreting and opening mail while an employee of the Post Office in violation of 18 U.S.C.A. § 1703(a). The sole error asserted on appeal is that the trial judge erred in denying appellant's motion for a mistrial based on the trial judge's intervention and instruction to the jury during defense counsel's closing argument. Appellant argues that the district judge's comments deprived him of his fifth amendment due process right to a fair and impartial trial and his sixth amendment right to effective assistance of counsel. Because we find that the trial judge's comments were proper, we affirm.

Defense counsel's closing argument included the following:

> As I close ladies and gentlemen, I am going to ask you to do one more thing for me.
>
> This trial is sort of, we are up against the Yankees in that major league ball game. It is Uncle Sam and if that ain't the New York Yankees, I don't know who is.
>
> And even the Yankees when they lead off, they don't bat last, too.
>
> Well, this game is a little different. They lead off, and they get last licks. Just in case somebody should get a point across. In case that run should score on the bottom of the ninth the Yankees yell it is a good thing there is ten and a half innings in the game, go back out there. They also get their rebuttal, two shots there.

---

\* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

So the Yankees are going to get up now again, and I am not going to have an opportunity to address you. I am not going to have that chance to come up there and say what I would like to say in rebuttal to their rebuttal.

You have got that job.

The first thing I would ask you ladies and gentlemen to do after you select a foreperson, is to go in there and rebut for me. Do that rebuttal for me. Last licks are important. That is a fair game.

And that is what this system is all about.

It is supposed to be fair. We don't get our last licks.

The district judge then intervened and instructed the jury:

Ladies and gentlemen, it is perfectly proper for counsel to suggest to you that you discuss the testimony carefully and to answer questions that might come to your minds which might have been raised, but the defense counsel inadvertently has discussed that the system is in fact unfair. I don't think he means to say that.

But it is necessary for me to interrupt him to tell you this. In civil cases, the plaintiff who is bringing the case has the burden of proof.

Therefore, having the burden of proof, opening and closing is given to the plaintiff in the civil cases.

In a criminal prosecution, the party bringing the action, the government, has the opening and closing, because it has the burden of proof.

The defendant has no obligation to prove anything because of the presumption of innocence that I have told you about, so the system is not unfair. And I don't think that counsel meant to suggest to you that he thought he worked in an unfair court under an unfair system but lest you are confused why the government has opening and closing it is because the government has the burden of proof.

In a debate those persons who are carrying the affirmative, attempting to carry the affirmative have opening and closing. It is old as the hills. All right, sir.

Record, vol. 4, at 389–92. Defense counsel then concluded his argument by stating that he did not mean to imply that the system is unfair, "that is why I have asked you because I have that opportunity, for you to go out there and get my last licks," and by requesting the jury to find for the defendant. *Id.* at 392.

Rule 29.1 of the Federal Rules of Criminal Procedure provides:

After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal.

This rule is well known and understood and its application in this trial came as no surprise to defense counsel.

Insofar as the quoted portion of defense counsel's argument urged the jury to listen to the government's final argument with some skepticism and to supply the answers to that argument that defense counsel might supply had he been permitted to reply, it was proper. In his enthusiasm and concern to look after his client, however, he stepped over the line of proper argument when he went on to denounce (at least by implication) the fairness of the rule that permits counsel for the government both to open and close final argument. At that point the trial judge correctly instructed the jury that the order of presenting closing arguments was dictated by a proper rule based on the allocation of the burden of proof. He was careful to note that he did not think that defense counsel meant to suggest that the system was unfair but that he felt it was necessary to clear up any confusion the jury might have about this particular procedure. More important, the district judge carefully constructed his instruction to do no harm to that portion of defense counsel's argument that was proper, the portion that urged the jury to discuss the testimony carefully and to answer questions that might come to mind. We commend the district judge for promptly,

simply, and fairly dealing with a situation that required .a nearly impromptu instruction.

Appellant urges that the opinions of this court in *United States v. Candelaria-Gonzalez*, 547 F.2d 291 (5th Cir. 1977), and *United States v. Abrams*, 568 F.2d 411 (5th Cir.), *cert. denied*, 437 U.S. 903, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978), support his position. In *Candelaria-Gonzalez*, however, the court found that the trial judge was sarcastic, frequently interrupted defense counsel, and made antagonistic comments in the jury's presence. *Id.* at 297. By contrast, the judge's remarks in the present case simply constitute an explanation of a procedural rule and indicate a concern to preserve the appearance of impartiality. In fact, on two other occasions during the trial of this case (in his instructions to the jury and during his interruption of the testimony of a government witness), the district judge told the jury that his interruptions and other comments were only on matters of law or in the interest of presiding over the trial and should not influence or affect their verdict. Record, vol. 3, at 146, vol. 4, at 407. The court in *Abrams* found that while the trial judge exhibited some irritation with defense counsel, the conduct of the court did not rise to the level of a constitutional violation of the defendant's rights, 568 F.2d 411, 423. The court specifically noted, *inter alia*, that the judge's actions in the presence of the jury did not "amount to intervention which could have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor [and that the jury] was instructed not to assume from his questioning of a witness that he had any opinion on the matter to which the question related." *Id.* at 424–25. Similarly, the challenged instruction in the present case concerned a matter of law and thus a judicial not a prosecutorial function and in other remarks to the jury the judge cautioned the jury not to draw improper inferences from his remarks.

Finding that defense counsel's remarks in closing argument were improper and that the district judge's interruption and corrective instruction were proper in all respects, we

AFFIRM.