UNITED STATES of America,
Plaintiff-Appellee,

v.

Hilton ROBINSON, Defendant-Appellant.

No. 81–7827
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 30, 1982.

Robert F. Clark, Mobile, Ala., for defendant-appellant.

J. B. Sessions, III, U. S. Atty., E. T. Rolison, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

On September 10, 1981, in federal district court in Mobile, Alabama, appellant was convicted under title 18 U.S.C. § 2314 of transporting in interstate commerce goods of the value of $5,000 or more, knowing such goods to have been stolen, converted or taken by fraud. Appellant raises three issues. (1) The $5,000 statutory minimum was not met. (2) The trial court committed reversible error in allowing evidence of other crimes in violation of Federal Rule of Evidence 404(b). (3) The trial judge committed reversible error by interposing objections on behalf of the United States.

(1)

◼ The transported stolen goods consisted of a soup to nuts array of fine table silver. At issue is whether this silver had a value of at least $5,000. The $5,000 jurisdictional minimum is an essential element of the offense. *United States v. Perry*, 638 F.2d 862 (5th Cir. 1981); *United States v. Chandler*, 586 F.2d 593, 602 (5th Cir. 1978), *cert. denied sub nom. Morrow v. United States*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979). 18 U.S.C. § 2311 defines "value" as the "face, par or market

value, whichever is the greatest." Since the silver had no face or par value proof of its market value was essential for conviction. *United States v. Nall*, 437 F.2d 1177, 1187 (5th Cir. 1971).

◼ The market value of stolen property is the price a willing buyer would pay a willing seller either at the time and the place that the property was stolen or at any time during the receipt or concealment of the property. *United States v. Perry*, 638 F.2d at 865; *United States v. Reid*, 586 F.2d 393, 394 (5th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.Ct. 1262, 59 L.Ed.2d 483 (1979); *United States v. McClain*, 545 F.2d 988, 1004 (5th Cir. 1977). Appellant argues that this price was substantially depressed because the silver had been inscribed with the owner's monogram and because it had been used.

◼ In this circuit the type of buyer seller transaction used for determining the value of the stolen property is the transaction in which the person from whom the property was stolen would have engaged. If property is stolen from a retail merchant the market value is the retail sales price. If property is stolen from a wholesale merchant the market value is the wholesale price. *United States v. Perry*, 638 F.2d at 865. Robinson transported fine flatware and holloware stolen from a discriminating consumer who appreciated fine silver. The market value of this silver is the price a discriminating consumer would have paid for it. The government's expert witness, a licensed silver appraiser, testified that this price would be in excess of $8,000; that age and monogram would not affect this price. The New Orleans antique dealer who purchased the silver from appellant testified that, while monogrammed silver might sell slightly less readily, or sell for somewhat less than new silver, the silver if new would fetch $6,000 to $8,000 on the retail market. Upon review the evidence must be considered in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence was clearly sufficient to allow

the jury to conclude beyond reasonable doubt that the statutory minimum had been met.

(2)

Appellant contends that introduction of the testimony of two convicted silver burglars violated Federal Rule of Evidence 404(b). Under 404(b) evidence of other crimes, wrongs or acts is admissible as proof of relevant facts apart from defendant's bad character. Such evidence must possess probative value not substantially outweighed by its undue prejudice to the defendant. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

The silver burglars testified that they had repeatedly used Robinson as a "fence" in their own stolen silver transactions. They described a complex plan of operation including beeper system call backs and secret sales rendevous. This testimony was highly probative of defendant's *modus operandi*, intent, and knowledge, Fed.R.Evid. 404(b). Knowledge is an essential element under 18 U.S.C. § 2314, and by its very nature, generally requires proof by circumstantial evidence. Where the issue is defendant's mental state the balance tips toward admissibility. 22 C. Wright and K. Graham, Jr., Federal Practice and Procedure § 5239 (1978). The determination of admissibility rests in the sound discretion of the trial judge. It cannot be found that he abused this discretion in admitting the testimony of the silver burglars.

(3)

Appellant's third contention is that the trial judge violated defendant's due process rights by stepping into the shoes of the prosecuting attorney. To constitute constitutional error the judge's actions viewed as a whole must amount to intervention which could have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor. *United States v. Abrams*, 568 F.2d 411, 423-24 (5th Cir.), *cert. denied*, 437 U.S.

903, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *United States v. Gomez-Rojas*, 507 F.2d 1213, 1223-24 (5th Cir. 1975). A venerable line of cases indicates judicial intervention must be qualitatively and quantitatively substantial to meet this test. *United States v. Gomez-Rojas*, 507 F.2d at 297; *Gomila v. United States*, 146 F.2d 372 (5th Cir. 1944); *Adler v. United States*, 182 F. 464 (5th Cir. 1910). Appellant's claim is based upon a single statement in a 360 page record. The trial judge questioned defense counsel as to why he sought to introduce hearsay into evidence. The incident occurred after numerous hearsay objections raised by defense counsel had been sustained. On its face appellant's claim of constitutional error is insubstantial.

But as the trial judge stated in his opening remarks to the jury "you ought not to keep any tally in your mind as to who ... gets the most number of favorable rulings because we are not playing a game here." The judge's conduct was not even harmless error. It was entirely proper. The trial judge is not required to remain silent and passive. *United States v. Candelaria-Gonzalez*, 547 F.2d 291, 297 (5th Cir. 1977). His duty is to facilitate the orderly progress of the trial while maintaining the appearance of strict impartiality. *United States v. Candelaria-Gonzalez*, 547 F.2d at 297; *Adler v. United States*, 182 F. at 472. The trial judge flawlessly performed his obligation to impartially expedite the trial proceedings. *See United States v. Braziel*, 609 F.2d 236 (5th Cir. 1980). In an effort to reach a ruling on the admissibility of defendant's hearsay evidence the judge asked defense counsel for an offer of proof pursuant to Fed.R.Evid. 103(a)(2). Defense counsel declined to make an offer of proof but volunteered that the United States Marshal had been unable to locate the witness. The witness subsequently appeared under subpoena by the government and defense counsel refused to call him to the stand. Under such circumstances it can scarcely be maintained that judicial questioning substantially prejudiced the defendant.

AFFIRMED.