471 So.2d 501 (1984)
Chester L. SMITH
v.
STATE.
4 Div. 351.
Court of Criminal Appeals of Alabama.
October 23, 1984.
On Return to Remand May 14, 1985.
*502 Deanna S. Higginbotham, Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and Louis C. Colley, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Chester L. Smith was charged with burglary in the first degree and pleaded guilty to the lesser included offense of burglary in the third degree. The district attorney for Houston County advised the court that Mr. Smith had two prior felony convictions. The court then informed the defendant that he would be sentenced as a habitual offender and the defendant answered that he understood.
Upon Smith's plea of guilty, the court found him guilty and sentenced him in accordance with the recommendation of the district attorney to 10 years. Three issues are raised on appeal.

I
Smith argues on appeal that the trial court failed in several respects to determine that the defendant voluntarily and understandingly entered said guilty plea.
We recognize that the Supreme Court in regard to the acceptance of guilty pleas holds that the record must affirmatively show that the defendant voluntarily and understandingly entered his plea of guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is the function of the court to ensure that the defendant has a full opportunity to understand what the plea connotes. The record must reflect sufficient facts from which such determination could properly be made. Dingler v. State, 408 So.2d 527 (Ala.Crim. App.1980), writ quashed, 408 So.2d 530 (Ala.1981).
The record is replete with evidence that the trial court sufficiently complied with the requisites of Boykin to ensure that the defendant's plea was both voluntary and made with the understanding of the consequences thereof. We find no error here.

II
The final two issues raised on appeal are whether the defendant's rights were violated by: (1) the failure to give notice to the defendant of his specific prior convictions in advance of his sentencing, and (2) the failure to determine assistance of counsel or waiver thereof at prior convictions when used to enhance defendant's punishment under the Habitual Felony Offender Act. More specifically, defendant argues that the trial court violated both the due process clause of the Fourteenth Amendment of the United States Constitution and the Alabama Rules of Criminal Procedure by failing to give him notice of his prior convictions in advance of his sentencing. Additionally, the defendant contends that his prior felony convictions are not usable to prove he is a habitual offender because the prosecution failed to determine that the defendant was assisted by counsel or waived his right to counsel at the prior hearings. We agree.
Even though defendant was represented by counsel at sentencing, the only notice revealed by the record of his prior convictions is the statement at sentencing, by the district attorney, that defendant had two prior convictions. The record does not show that there was any notice given before sentencing of the specific prior convictions relied upon by the state.
Rule 6(b)(3)(ii) of the Alabama Rules of Criminal Procedure (Temporary) specifically requires that the defendant shall be given notice of prior specific convictions *503 before the sentencing hearing. Moreover, "[u]nless an accused actually admits his prior convictions, ... the State must prove his record in order to trigger the operation of the habitual offender sentencing provisions." McGhee v. State, 412 So.2d 327 (Ala.Crim.App.1982) (citations omitted). "A proper way to prove a prior conviction of a felony is by introducing a certified copy of the minute entry, showing a valid prior conviction of the defendant of a felony, or by the admission of the defendant." Thomas v. State, 435 So.2d 1319, 1323 (Ala. Crim.App.), rev'd on other grounds, Ex parte Thomas, 435 So.2d 1324 (Ala.), on remand, Thomas v. State, 435 So.2d 1326 (Ala.Crim.App.1982), appeal after remand, 435 So.2d 1327 (Ala.Crim.App.1983).
Therefore, based on the propositions stated in both McGhee and Thomas, supra, the state has failed to meet the requirements of the due process clause of the Fourteenth Amendment and Rule 6(b)(3)(iii) of the Alabama Rules of Criminal Procedure (Temporary).

III
Also, nowhere in the record is there a showing that defendant was represented by counsel or that he waived this right at his prior convictions. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), requires that for prior convictions to be used in a subsequent case the defendant must be shown to have been represented by counsel or to have waived such representation. This court has held that "[u]nder the authority of Burgett v. Texas [cite omitted], where records of the appellant's conviction on their face raise the presumption that the petitioner was not represented by counsel, such conviction cannot be used to enhance punishment." Watson v. State, 392 So.2d 1274, 1279 (Ala. Crim.App.1980), writ denied, 392 So.2d 1280 (Ala.1981).
Since there is no evidence in the record that the defendant was represented by counsel or waived counsel at any of the prior convictions, these prior felony convictions are not usable to enhance punishment. Burgett v. Texas, supra.
REMANDED FOR SENTENCING.
All the Judges concur except BOWEN, P.J., who dissents with opinion.
BOWEN, Presiding Judge, dissenting.
I respectfully dissent from the majority opinion of this Court.
The appellant Smith waits until the appeal of his conviction to raise two issues: (1) the alleged failure of the State to give him notice of the specific prior convictions for purposes of the Habitual Felony Offender Act, and (2) the alleged failure to determine whether Smith was represented by counsel at those prior convictions. Both of these arguments are valid if properly preserved in the record. Since there was no objection in the circuit court before or after sentencing, Smith should be precluded from crying foul at this stage of the proceedings. "Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done." Watson v. State, 398 So.2d 320 (Ala.Cr.App.1980), cert. denied, 398 So.2d 332 (Ala.), cert. denied, Watson v. Alabama, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981). See Watts v. State, [Ms. 82-676, December 9, 1983], 460 So.2d 204 (Ala.1983) ("(S)ilence at trial constitutes a waiver of arraignment."); Marsden v. State [Ms. 83-292, July 6, 1984] (Ala.1984) (Defendant waived arraignment "by pronouncing his readiness to proceed with trial and maintaining silence thereafter."). "A reviewing court cannot predicate error on matters not shown by the record.... Indeed, a silent record supports a judgment." Robinson v. State, 444 So.2d 884, 885 (Ala.1983) (citations omitted).
I would affirm the judgment of the circuit court.

ON RETURN TO REMAND
TAYLOR, Judge.
We remanded this case to the circuit court for the purpose of sentencing the *504 appellant, with instructions that appellant be given notice of his specific prior convictions in advance of his sentencing and that a determination be made as to whether appellant had assistance of counsel or waived same at the time of his prior convictions.
It appears from the record that the court has complied with the instructions as set out and that the sentence was in all respects properly imposed. Accordingly, the conviction and sentence are due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.