Appellant Raymond Thornton was convicted of sexual abuse in the second degree and was sentenced to 12 months' imprisonment. From his conviction and sentence he prosecutes this appeal.
He went to trial on a two-count indictment which reads in pertinent part:
 "The Grand Jury of said County charge that before the finding of this indictment, RAYMOND THORNTON BEING NINETEEN (19) YEARS OLD OR OLDER, DID ON OR ABOUT TO-WIT: NOVEMBER 1, 1982, SUBJECT TO SEXUAL CONTACT [Name omitted in this opinion — referred to as "Complainant 2"] WHO WAS LESS THAN SIXTEEN (16) YEARS OLD, BUT MORE THAN TWELVE (12) YEARS OLD, TO-WIT: FIFTEEN (15) YEARS OF AGE, IN VIOLATION OF TITLE 13A-6-67 OF THE CODE OF ALABAMA,
 "COUNT II: THE GRAND JURY OF SAID COUNTY FURTHER CHARGE THAT BEFORE THE FINDING OF THIS INDICTMENT, A MORE DEFINITE TIME BEING UNKNOWN TO THE GRAND JURY, ONE RAYMOND THORNTON, A MALE, DID ENGAGE IN SEXUAL INTERCOURSE WITH [Name omitted in this opinion — referred to as "Complainant 1"] A FEMALE, WHO WAS LESS THAN SIXTEEN (16) YEARS OF AGE AND MORE THAN TWELVE (12) YEARS OF AGE, TO-WIT: FIFTEEN (15) YEARS OF AGE, THE SAID RAYMOND THORNTON BEING SIXTEEN (16) YEARS OR OLDER AND AT LEAST TWO (2) YEARS OLDER THAN THE SAID [Complainant 1] IN VIOLATION OF TITLE 13A-6-62 OF THE CODE OF ALABAMA, against the peace and dignity of the State of Alabama."
The evidence indicated that Raymond Thornton is married to the mother of both complainants. The indictment in the case of "Complainant 1" was sworn out when she was seventeen years old, charging that Thornton had intercourse with her two years before. The jury reported itself hopelessly deadlocked as to this count of the indictment, alleging sexual intercourse with "Complainant 1." However, the jury found Thornton guilty under Count I of the indictment, charging that he subjected "Complainant 2" to sexual contact.
The evidence for the state tended to indicate that Thornton had fondled "Complainant 2's" breasts while they were at a swimming pool in Coffee Springs, Alabama, and also touched "Complainant 2" while she and others were out picking up cans. On appeal, Thornton argues first that the court erred in admitting into evidence testimony regarding sexual contact with the appellant at times other than "on or about, to-wit: November 1, 1982." The complainant was allowed to testify that she first had sexual contact with appellant when she *Page 36 
was 13 years of age. She testified as to the touching by appellant while they were picking up cans and at the swimming pool in Coffee Springs, Alabama, but she never testified as to when these acts took place. Witnesses Jimmy Presley and Brenda Presley testified that they observed appellant feel "Complainant 2's" breasts at the Coffee Springs swimming pool in the summer of 1982.
The appellant contends that the court should have granted his motion to exclude the evidence as to Count I of the indictment because there was a fatal variance between the offense charged in said count and the proof offered by the state at trial. The record does not contain testimony by any witness that the appellant subjected "Complainant 2" to sexual contact on or about November 1, 1982, while she was 15 years of age. We conclude that the state totally failed to prove the acts alleged in the indictment. The appellant's motion to exclude as to Count I was due to be granted.
It is not necessary to state in the indictment the date or time at which an offense was committed. Bush v. State,431 So.2d 555 (Ala.Cr.App. 1982), aff'd, 431 So.2d 563 (Ala. 1983), cert. denied, Bush v. Alabama, ___ U.S. ___, 104 S.Ct. 200,78 L.Ed.2d 175 (1983).
The Code of Alabama, 1975, § 15-8-30, states as follows:
 "It is not necessary to state the precise time at which an offense was committed in an indictment; but it may be alleged to have been committed on any day before the finding of the indictment or generally before the finding of the indictment unless time is a material ingredient of the offense."
This has been our law since 1852.
Equally forceful, however, has been the rule that if the state elects to prosecute a crime occurring at a particular time, then the state is entitled to a conviction only upon establishing that fact by evidence. Harton v. State,17 Ala. App. 189, 86 So. 241, cert. denied, 204 Ala. 699,86 So. 926 (1920). There existed a material variance in this case between the proof and the indictment alleging the sexual contact to have taken place on or about a certain date. InHouse v. State, 380 So.2d 940 (Ala. 1979), on remand,380 So.2d 946 (Ala.Cr.App. 1980), our Supreme Court explained that the policy behind the fatal variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted. Proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled. An accused is only required to meet the charge laid against him in the indictment and need not defend against a distinct charge not included therein. Tyson v.State, 361 So.2d 1182 (Ala.Cr.App. 1978); Alabama Constitution, Article 1, § 6 (1901).
Accordingly, we must reverse the judgment of conviction in this case.
REVERSED AND RENDERED.
All the Judges concur.