Jimmy Sasser was charged in a two count indictment with rape in the first degree and sodomy in the first degree in violation of §§ 13A-6-61 (a)(3) and 13A-6-63 (a)(3), Code of Alabama 1975. The jury returned a verdict of "guilty of rape in the first degree" and Sasser was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act. The appellant does not raise the weight and sufficiency of the evidence as an issue in this cause. Briefly stated, the facts of this cause are as follows:
Jimmy Sasser is alleged to have had sexual intercourse with his eight-year-old stepdaughter. The prosecutrix testified that, for several years prior to the time her mother and the appellant were married, Sasser forced her to let him place his "private part inside her private part". This behavior continued until late May, 1984 when the victim told her school teacher about the incident of this behavior on or *Page 859 
about May 26, 1984. The authorities were contacted and the child was removed from the home.
 I
Appellant contends that the trial court erred by failing to dismiss his indictment. He specifically alleges that the indictment failed to state the time at which the offense charged was committed.
 "It is not necessary to state in the indictment the date or time at which an offense was committed. Bush v. State, 431 So.2d 555 (Ala.Cr.App. 1982), aff'd, 431 So.2d 563 (Ala. 1983), cert. denied, Bush v. Alabama, [464] U.S. [865], 104 S.Ct. 200, 78 L.Ed.2d 175 (1983).
 "The Code of Alabama, 1975, § 15-8-30, states as follows:
 `It is not necessary to state the precise time at which an offense was committed in an indictment; but it may be alleged to have been committed on any day before the finding of the indictment or generally before the finding of the indictment unless time is a material ingredient of the offense.'"
Thornton v. State, 480 So.2d 34 (Ala.Crim.App. 1985). See also,Coburn v. State, 424 So.2d 665 (Ala.Crim.App. 1982); Tucker v.State, 429 So.2d 1165 (Ala.Crim.App. 1982); Rule 15.2 (d), Alabama Temporary Rules of Criminal Procedure.
In this cause, time was not a material ingredient of the offense charged; therefore, the exception to the general rule does not apply. "Time would be a material ingredient of the offense only if it were a new offense, or when the grade of an offense has been raised from a misdemeanor to a felony and it covers a period both when the act was and was not an offense, or when it was of a lesser grade." See Coburn, supra at 668.
This is no basis for reversal on this point.
 II
Appellant contends that the trial court erred in sentencing him as a habitual felony offender, when he had not received notice of the prior specific convictions before sentencing. Although the appellant was represented by counsel at sentencing, the only notice of his prior convictions occurred when the prosecutor stated at the sentencing that he had the "certifieds" and there was only one sentence. (R. 94). The record does not show that there was any notice given before sentencing of the specific prior convictions relied upon by the State and required by Rule 6 (b)(3)(ii) of the Alabama Temporary Rules of Criminal Procedure. The failure of the State to give such notice necessitates a finding that the State failed to meet the requirements of the due process clause and Rule 6 (b)(3)(ii). See Smith v. State, 471 So.2d 501
(Ala.Crim.App. 1984).
This cause must, therefore, be remanded for a new sentencing hearing.
 III
Appellant contends that he was denied a fair trial due to the cumulative effect of allegedly prejudicial remarks made by the prosecution. In brief appellant notes a number of instances where the prosecutor made comments or asked questions and he contends such questions and comments were prejudicial. (R. 71-75). He also argues that several comments made by the prosecutor during closing arguments were improper and prejudicial. (R. 79-81). With regard to appellant's complaint about improper closing argument, we have carefully examined such argument and find the appellant's contention to be without merit. While in argument to the jury, counsel may not argue as a fact that which is not in evidence; nevertheless, he may state or comment on proper inferences from the evidence and may draw conclusions from the evidence based upon his own reasoning. Sanders v. State, 423 So.2d 348 (Ala.Crim.App. 1982); Speigner v. State, 369 So.2d 39 (Ala.Crim.App.), cert. denied, 369 So.2d 46 (Ala. 1979); Liner v. State, 350 So.2d 760
(Ala.Crim.App. 1977). The prosecutor, as does defense counsel, has a right to present his impressions from the evidence.Sanders, supra; Hayes v. *Page 860 State, 395 So.2d 127 (Ala.Crim.App. 1980), cert. denied,395 So.2d 150 (Ala. 1981); McQueen v. State, 355 So.2d 407
(Ala.Crim.App. 1978). He may argue every legitimate inference and may examine, collate, shift and treat the evidence in his own way. Sanders, supra; Hayes, supra; McQueen, supra. Liberal rules are allowed counsel in drawing inferences from the evidence in their argument to the jury, whether they are truly drawn or not. Sanders, supra. Liner, supra; Smith v. State,344 So.2d 1239 (Ala.Crim.App.), cert. denied, 344 So.2d 1243 (Ala. 1977). Control of closing argument rests in the broad discretion of the trial judge and, where no abuse of discretion is found, there is no error. Thomas v. State, 440 So.2d 1216
(Ala.Crim.App. 1983); Robinson v. State, 439 So.2d 1328
(Ala.Crim.App. 1983); Elston v. State, 56 Ala. App. 299,321 So.2d 264 (1975). The trial judge can best determine when discussion by counsel is legitimate and when it degenerates into abuse. Hurst v. State, 397 So.2d 203 (Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981); Garrett v. State,268 Ala. 299, 105 So.2d 541 (1958).
A review of the questions asked by the prosecutor and complained of on appeal reveals no error. The prosecutor's questions were legitimate questions based on the evidence elicited in this case, i.e., discussion between husband and wife.
The main point in closing argument was an appeal for law enforcement. We find no error or abuse of discretion by the trial judge on these matters.
 IV
Appellant argues that the trial court's jury instructions were inadequate. He specifically argues that the instructions given on the lesser offense of sexual abuse in the first degree were deficient. The portion of the court's oral charge to which the appellant is objecting is as follows: (R. 84-85).
 "The second charge against the defendant, the lesser included offense, is that of sexual abuse in the first degree, and the law says that a person commits the crime of sexual abuse in the first degree if he, being sixteen years old or older, subjects another person to sexual contact who is less than twelve years old. And the law defines sexual contact as any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
The charge given by the trial court, although brief, adequately and sufficiently covers the offense of sexual abuse in the first degree. It clearly sets out the elements of the offense and adequately defines such elements as is required. See Miller v. State, 405 So.2d 41 (Ala.Crim.App. 1981). The trial judge did not err in this instance.
 V
Appellant contends that the trial court erred in refusing to give some 25 of his written requested charges. This contention is without merit.
 "The refusal of a charge, though a correct statement of law, shall not be cause for reversal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of the parties."
Ala. Code § 12-16-13 (1975). See also, Jackson v. State,414 So.2d 1014 (Ala.Crim.App. 1982); Campbell v. State,423 So.2d 284 (Ala.Crim.App. 1982); Williams v. State, 451 So.2d 411
(Ala.Crim.App. 1984).
We find from our review of the appellant's refused written charges and from the trial court's oral charge to the jury that such charges were substantially and fairly covered in the trial court's oral charge, were inapplicable or abstract, or an incorrect statement of law. See, McDaniel v. State,446 So.2d 670 (Ala.Crim.App. 1983); Hill v. State, 409 So.2d 943
(Ala.Crim.App. 1981).
 VI
Appellant contends that his due process rights were violated when the trial judge assumed the role of the prosecuting *Page 861 
attorney. The dialogue in question is as follows: (R. 35-36).
 "THE COURT: Let me say this to you while we have just a moment: We've heard evidence of events which allegedly occurred on a date of — other than the last incident. The defendant is being tried for what allegedly occurred on the last incident the victim claims, and not what may have happened on some other instances. We left that in, simply, for you to determine what weight you would give it, if you believe that it occurred on the previous incident, just because it might be relevant on that issue. But, the defendant is being tried for what occurred on the very last day, and I don't know if we'd established a date. But the — I guess the incident which allegedly occurred one week — or in the week previous to the alleged report to the school teacher.
 "MR. BYRD: Your Honor, the defendant would object to the purpose for which Your Honor stated that the other incident evidence was left in. That is not the purpose of other misconduct evidence. We move that this jury be correctly instructed, or we ask that a mistrial be granted, because other misconduct evidence cannot be let in for the purpose as Your Honor stated.
 "THE COURT: Well, all right, Mr. Byrd. "I'll tell you why we're letting it in. We're letting it in because the State contends that this was a scheme, a pattern, and a part of a plan on the part of the defendant. And that's why we let it in, for you to determine whether or not the State has proved that.
 "MR. BYRD: Your Honor, I must object to that, also, because the State has not alleged any scheme, plan, or anything else. They've alleged only one single incident, and we object to any admission of other misconduct evidence.
"THE COURT: Motion denied."
"To constitute error the judge's actions viewed as a whole must amount to intervention which could have led the jury to a predisposition of guilt by improperly confusing the functions of judge and prosecutor . . . A venerable line of cases indicates judicial intervention must be qualitatively and quantitatively substantial to meet this test . . ." UnitedStates v. Robinson, 687 F.2d 359 (1982) (citations omitted). Prior to the trial judge making this statement, defense counsel had objected some four times to the introduction into evidence of past acts of "impropriety" of the appellant with the victim. It is clear to this court that the trial judge was merely attempting to clarify this issue and, as such, no error occurred.
 VII
Appellant contends that the trial court erred in allowing testimony concerning the ultimate fact in issue by Dr. Randy Bently. We do not agree. Dr. Bently testified that he had examined the victim in this cause. He testified over objection that his finding of a "roomy vestibule" was consistent with the victim's testimony that the appellant had "put his private part into her private part". The ultimate fact in issue was whether the appellant, being over the age of sixteen, engaged in sexual intercourse with the victim, being under the age of twelve. Dr. Bently simply stated that his physical examination was consistent with prior testimony, not that the victim had, in fact, engaged in sexual intercourse with the appellant. There was no error on this point. See, C. Gamble, McElroy's AlabamaEvidence, § 127.01 (5) (3rd ed. 1977).
A return shall be prepared and filed with this court after a new sentencing hearing.
REMANDED FOR PROPER SENTENCING.
All the Judges concur.
 AFTER REMANDMENT
On May 27, 1986, this court unanimously upheld Jimmy Sasser's first degree rape conviction but remanded this cause for a new sentencing hearing because the appellant did not receive proper notice of the prior felony convictions before sentencing. *Page 862 
This was in violation of Rule 6 (b)(3)(ii), Alabama Temporary Rules of Criminal Procedure. See Smith v. State, 471 So.2d 501
(Ala.Crim.App. 1984).
Pursuant to our opinion above, the Circuit Court of Mobile County has held a new sentencing hearing after first giving the appellant due notice of the prior convictions on which the State expected to rely and the appellant appeared in open court with counsel and voiced his objections to such convictions.
Thereafter, the court proceeded to adjudicate him as a habitual felony offender and sentenced him to life imprisonment in the penitentiary without parole.
This appeal followed.
 I
Appellant contends that the prior felony convictions were certified case summary sheets which, nevertheless, did disclose that he was represented by counsel at his prior felony conviction.
A habitual felony offender hearing is not the proper forum for attacking a prior conviction used during such habitual felony offender hearing. Jones v. State, 431 So.2d 1367
(Ala.Crim.App. 1983).
The judgment and sentence below is, in all respects, proper.
This cause is due to be and is, therefore, affirmed.
AFFIRMED.
All the Judges concur.