TYSON, Judge.
Eric Conrad Davidson was indicted for burglary in the second degree, in violation of § 13A-7-6, Code of Alabama (1975). The jury found the appellant guilty of burglary in the third degree. The appellant was sentenced to 55 years’ imprisonment in the penitentiary.
On December 16, 1986, Charles E. Townsend and his wife, Norma Townsend, returned home from work and found that their residence at 317 Tenth Court West in Birmingham, Alabama, had been broken into and ransacked. Eric Conrad Davidson was subsequently arrested and charged with the burglary.
I
The appellant, Davidson, contends that he was punished by the trial court for exercising his constitutionally guaranteed right to a jury trial. Specifically, the appellant argues that he was sentenced to serve 55 years for his conviction for third degree burglary because he chose not to plead guilty, but rather maintained his innocence and had his case tried before a jury.
We are unable to address this contention at this time because it is unclear from the record under which statute the appellant *815 was sentenced. The appellant received a 55-year sentence for his conviction of burglary in the third degree which is a class C felony. The range of punishment for conviction of class C felony is “not more than 10 years or less than 1 year and 1 day.” Section 13A-5-6, Code of Alabama (1975).
However, under the Habitual Felony Offender Act, the range of punishment for a class C felony with two prior convictions is from 10 to 99 years, or life. Section 13A-5-9, Code of Alabama (1975).
Although the record seems to indicate that there was an understanding that the appellant was sentenced as a habitual felon, there is no evidence contained in the record that the sentencing hearing. was conducted pursuant to Rule 6(b)(3) of the Alabama Temporary Rules of Criminal Procedure.
The record indicates that during a pretrial discussion concerning settlement of the case, the appellant’s prior record was mentioned. This discussion, however, does not contain proof of his prior record.
The record does not disclose that the appellant received notice that the State intended to proceed under the Habitual Felony Offender Act. Furthermore, the State did not present proof of any prior convictions at the sentencing hearing, nor did the appellant admit any.
The State admits these facts in its brief and requests a new sentencing hearing. Thus, before we can address this issue raised on appeal, this cause must be remanded to the trial court for a new sentencing hearing. See Smith v. State, 471 So.2d 501 (Ala.Cr.App.1984).
REVERSED AND REMANDED FOR A NEW SENTENCING HEARING.
All the Judges concur.
ON MOTION TO DISMISS
TYSON, Judge.
This court previously reversed and remanded this cause for hearing, with counsel present, to determine whether or not the appellant was properly sentenced as a habitual felony offender, pursuant to the provisions of that act and Rule 6(b)(3), Alabama Temp. Rules of Criminal Procedure.
The appellant and the State have now filed a motion to dismiss the appeal and attached thereto an agreement with reference to the disposition of this cause.
The motion and agreement are hereinafter quoted:
“MOTION TO DISMISS APPEAL
“Comes now the Appellant in the above styled cause, and moves this Honorable Court to dismiss the pending appeal in the instant case and as grounds therefor would show unto the Court the following:
“1. That on or about September 3,1987, the defendant, Eric Conrad Davidson, was convicted of burglary third degree.
“2. That on or about October 30, 1987, the defendant, Eric Conrad Davidson, was sentenced to 55 years in the State Penitentiary.
“3. That on or about November 23, 1988, the Honorable Court of Criminal Appeals remanded this matter to the trial court for a new sentencing hearing.
“4. That on January 12,1989, the defendant and the State of Alabama entered into an agreement, subject to the Court’s approval and acceptance, wherein the State of Alabama would recommend a sentence of 15 years concurrent with those sentences previously imposed by the the trial Court. A copy of the written agreement executed by the parties is attached and incorporated by reference to this motion as Exhibit “A”.
“5. That in exchange for the recommended sentence of 15 years concurrent the defendant agreed to dismiss his pending appeal of the case now pending before the Alabama Court of Criminal Appeals in Case Number: 6th Division 599, (CC87-1643).
“6. That on January 12, 1989, the Honorable J. Richmond Pearson, Circuit Judge, accepted the recommended plea and sentenced the defendant to 15 years in the State Penitentiary.
“WHEREFORE, PREMISES CONSIDERED, the Appellant moves to dismiss his pending appeal before this Hon *816 orable Court in Case Number: 6th Division 599, (CC87-1643).
“RESPECTFULLY SUBMITTED,
“PARKER, JONES AND NAIL
“BY: /s/ Tommy Nail
“Tommy Nail
“Attorney for Appellant”
“EXHIBIT ‘A’
“MEMORANDUM OF AGREEMENT
“Comes now the defendant, Eric Conrad Davidson, individually and by his attorney, Tommy Nail, and the State of Alabama, by and through Deputy District Attorney Don Russell, and enters into this memorandum agreement.
“Wherefore, the defendant is desirous of settling the above pending matter and would enter into the following agreement with the State of Alabama concerning the sentence to be imposed in the above styled case, subject to the acceptance and approval of the trial court as follows:
“1. That on or about September 3,1987, the defendant, Eric Conrad Davidson, was convicted of burglary third degree.
“2. That on or about October 30, 1987, the defendant, Eric Conrad Davidson, was sentenced to 55 years in the State Penitentiary.
“3. That on or about November 23, 1988, the Honorable Court of Criminal Appeals remanded this matter to the trial court for a new sentencing hearing.
“4. That subject to the court’s approval and acceptance the State of Alabama, by and through Deputy District Attorney Don Russell, would recommend a sentence of 15 years concurrent with those sentences previously imposed by the trial court.
“5. That the defendant, Eric Conrad Davidson, if the court accepts and approves the said recommendation, would agree to dismiss his appeal of the case now pending before the Alabama Court of Criminal Appeals in case number 6 Div. 599 (CC87-1643).
“WHEREFORE, PREMISES CONSIDERED, the parties have hereunto set their hands and seals this the 12th day of January, 1989.
/s/ Eric Conrad Davidson
/s/ Tommy Nail
Attorney for defendant
/s/ Donald Russell
Deputy District Attorney”
The motion to dismiss this appeal is hereby granted and this cause is, therefore, dismissed from this court.
APPEAL DISMISSED.
All the Judges concur.