James F. Abernethy died on January 29, 1989, leaving a will that provided, in pertinent part:
 "I give, devise and bequeath all the rest, residue and reminder of my estate of whatever nature and wherever situate as follows:
 "A. One-third (1/3) of my said residuary estate to my wife, Margaret K. Abernethy, if she shall survive me and if she shall have predeceased me, as hereinafter provided in Paragraph B.
 "B. Two-thirds (2/3) of my said residuary estate (or all of my said residuary estate if my wife predeceased me) to my children, James J. Abernethy, Patricia M. Tamppari, Heather Abernethy, and Ian Abernethy, equally and per stirpes."
James F. Abernethy had purchased a single-premium deferred annuity contract issued by Keystone Provident Life Insurance Company from A.G. Edwards Sons, Inc. In the application for the annuity contract, James F. Abernethy was the named owner and beneficiary and his wife, Margaret K. Abernethy, was the named annuitant and contingent beneficiary.
After his will was admitted to probate, a dispute arose as to whether the proceeds from the annuity contract should be included in the residue of James F. Abernethy's estate. Margaret Abernethy brought a declaratory judgment action against James J. Abernethy and Ian Abernethy, as executors of the estate of James F. Abernethy, deceased, and James J. Abernethy, Ian Abernethy, Patricia Tamppari, and Heather Abernethy, asking the trial court to declare that the proceeds payable under the annuity contract should not be included in James F. Abernethy's probate estate and that Margaret Abernethy is entitled to one-third of the residue of the estate, with no deduction of the amount payable under the annuity contract. The defendants counterclaimed, asking the trial court to reform the annuity contract to reflect that it was the intent of the parties who originally entered into the annuity contract that the proceeds payable under the annuity contract *Page 1023 
were to be part of James F. Abernethy's probate estate.
The trial court entered a judgment in favor of the defendants on the declaratory judgment request and on their counterclaim, holding that the proceeds payable under the annuity contract are to be considered as part of the one-third of the probate estate of James F. Abernethy to which Margaret Abernethy is entitled.
On appeal, Margaret Abernethy argues that the trial court erred in reforming the annuity contract and in holding that the proceeds payable under the annuity contract are part of James F. Abernethy's probate estate.
In an action for reformation, the one seeking reformation bears the burden of showing by clear and convincing evidence either 1) that there was a meeting of the minds and a mutual mistake in executing the instrument and that the instrument does not express the common intent or 2) that there was a mistake on the part of one and such conduct on the part of the other that it would be inequitable to deny that there had been a mutual mistake. Sheffield v. Buxton, 547 So.2d 432
(Ala. 1989).
The record before us does not support the trial court's judgment with regard to the defendants' counterclaim for reformation. Specifically, the defendants failed to show by clear and convincing evidence that there was a mutual mistake in executing the instrument and that the instrument does not express the common intent of the parties. Accordingly, we hold that the trial court erred in entering the judgment in favor of the defendants on their counterclaim for reformation.
Although Alabama courts have held that proceeds payable to a named beneficiary under a life insurance policy are not included in a decedent's probate estate, Alabama courts have never addressed the question of whether proceeds payable under an annuity contract are included in a decedent's probate estate. In New Britain Nat'l Bank v. Life Ins. Co. ofConnecticut, 6 Conn. Cir. Ct. 674, 679, 305 A.2d 296, 298-99 (1972), the court held:
 "The prevailing view is that the beneficiary named in a life insurance policy rather than the legal representative of the insured is the proper person to bring suit on the policy. 44 Am.Jur.2d, Insurance, § 1923. We think the same reasoning may be applied to an annuity contract which provides for a beneficiary."
Moreover, in the event of the death of a beneficiary in an annuity contract prior to the death of the annuitant, the determination of the recipient of the proceeds payable under the annuity contract is controlled by the language of the annuity contract. 19 G. Couch, Cyclopedia of Insurance Law, § 81:12 (2d ed. 1983).
Pursuant to the terms of the annuity contract in this case, upon the death of James F. Abernethy the proceeds payable under the annuity contract passed to Margaret Abernethy. Following the New Britain Nat. Bank case, we hold that the proceeds payable under the annuity contract are not part of James F. Abernethy's probate estate and, therefore, that the trial court erred in entering the judgment in favor of the defendants on the declaratory judgment request.
The judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.