McMILLAN, Judge.
On April 20, 1992, the appellant filed a petition pursuant to Rule 32, A.R.Cr.P., attacking his 1985 conviction for rape in the first degree and his sentence, as a habitual offender, to life imprisonment without parole. The appellant’s ground for his petition is that his sentence was not authorized by law, because, he contends, he was not given notice before his original sentencing hearing of the prior convictions on which the State intended to proceed. He contends that, although his case had been remanded on appeal for a new sentencing hearing, prior to which he was given notice by the State of the prior convictions on which it intended to rely, that action was insufficient under Glover v. State, 508 So.2d 218 (Ala.1987) and Ex parte Williams, 510 So.2d 135 (Ala.1987), to trigger the application of the Habitual Felony Offender Act. He stated that he could not have known of this ground of relief because these cases were decided during the pendency of his direct appeal following the second sentencing proceeding. The State moved to dismiss the petitioner’s “writ of habeas corpus” because, it argued, the appellant was lawfully incarcerated. The trial court then summarily denied the petition without stating a reason for the denial.
On appeal, the appellant contends that this Court should reverse the judgment of the trial court and remand the ease for him to be resentenced as a first-time offender. The State, however, requests that we remand this case to allow the trial court to make specific findings of fact in support of its order of denial. Where the trial judge has personal knowledge of the facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a ■written order. Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989).
Therefore, this cause is due to be remanded to the trial court for the entry of specific findings of fact with regard to its denial of the appellant’s Rule 32, AR.Cr.P., petition. The trial court should file its return within 30 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.