On Return to Remand

McMILLAN, Judge.
This cause was remanded in order for the trial court to enter specific findings of fact with regard to its denial of the appellant’s claim, made in his Rule 32, A.R.Cr.P. petition, that his sentence of life imprisonment without parole was unauthorized by law. 643 So.2d 614. The trial court has filed its return, which includes the following:
“The appellant was convicted in 1985 of rape in the first degree, for which he was sentenced as a habitual offender to life imprisonment without parole. The ease was remanded thereafter for re-sentencing based on the appellant’s claim that he had not received notice of the prior convictions on which the State relied. On September 9, 1986, after he was given due notice, the appellant was again sentenced to life imprisonment without parole, and this sentence was affirmed by the Court of Criminal Appeals. 494 So.2d 857. Thereafter, in 1987 and 1990, the appellant filed petitions under the All Writ Act and for Redress of Conviction and Sentence, but he did not raise the sentencing issue in either of. these petitions, although Ex parte Williams, 510 So.2d 135 (Ala.1987), on which the appellant presently relies, already had been decided. The appellant’s present Rule 32 petition is no more than an attempt to revisit the issue of his sentence, which was affirmed as proper in all respects more than 6 years ago. Relief therefore is precluded, based on the doctrine of res judicata and on the applicable statute of limitations.”
Because the findings of the trial court are supported by the record and because summary disposition is proper under Rule 32.7(d), A.R.Cr.P., the trial court’s denial of the appellant’s Rule 32, A.R.Gr.P., petition is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.