MONROE, Judge.
This is an appeal from a judgment based on a jury determination of paternity.
M.S.B. was bom April 6, 1979, to M.S.B. (the mother). On April 20,1979, the mother, through the State of Alabama, filed a paternity action in the Family Court of Jefferson County, alleging that T.K.S. was the father of her child. In July 1979, the family court found T.K.S. to be the father; he appealed to the circuit court for a trial de novo. In February 1980, a jury found that T.K.S. was not the father. There was no appeal from the resulting judgment in favor of T.K.S.
In August 1990, more than 10 years after the jury verdict and resulting judgment in favor of T.K.S., a second paternity action was filed against T.K.S. in the Family Court of Jefferson County, alleging that he was the father of M.S.B. This action, originally filed in the name of the State of Alabama and the mother, was filed under the Alabama Uniform Parentage Act (AUPA), § 26-17-1 et seq., Ala.Code 1975. In October 1990, it was amended to substitute the child as the real party in interest.
In March 1991, the family court again found that T.K.S. was the father. T.K.S. again appealed to the circuit court for a trial de novo. This time, the jury found T.K.S. to be the father. T.K.S. filed a motion for a new trial, which was denied by the trial court. T.K.S. appeals.
T.K.S. first contends that the doctrines of res judicata and/or collateral estop-pel bars this action. He concedes that in Ex parte Snow, 508 So.2d 266 (Ala.1987), our Supreme Court held that the doctrine of res judicata does not apply to a child’s claim under the AUPA where the mother has previously filed a paternity action against the alleged father, because the mother and child are not the same parties and are not in privity. “Moreover, where a minor child is not a party to a paternity action and is not represented by a guardian ad litem in such an action, the judgment regarding paternity will not be binding on that child.” State ex rel. T.G. v. B.L.J., 627 So.2d 449 (Ala.Civ. App.1993). However, T.K.S. urges this court to overrule Ex parte Snow. We note that this court does not have the authority to overturn decisions of our Supreme Court. Fugate v. State Dep’t. of Indus. Relations, 612 So.2d 1226 (Ala.Civ.App.1992).
Because we find in the record no evidence that the child was a party to the first action or was represented by a guardian ad litem in that action, we are compelled by our Supreme Court’s holding in Ex parte Snow to hold that the child’s claim is not barred by the doctrine of res judicata.
Based on Ex parte Snow, the doctrine of collateral estoppel could not be used to bar the child’s claim, either. One of the elements of collateral estoppel is that the two *433 actions must involve the same parties. See Abernethy v. Abernethy, 611 So.2d 1021 (Ala. 1992). All of the elements must be present before a claim can be barred from further litigation because of collateral estoppel. Id. Under the doctrine of res judicata, the parties have only to be “substantially identical.” Id. For the parties to be substantially identical, they must be the same as, or in privity with, the original parties. Ex parte Snow, supra. In Ex parte Snow, our Supreme Court held that the child and her mother were not the same parties and were not in privity. Therefore, because the mother and the child are different parties, the doctrine of collateral estoppel cannot be used to bar the child’s claim.
T.K.S. next contends that the child’s claim is barred by laches because of the 10-year delay between the date of the judgment in the first action and the date the second action was filed. He says that, because of this delay, he was unable to locate critical witnesses and evidence.
It is well established that laches cannot be asserted as a bar to a paternity action. “Since an action to establish paternity raises legal, not equitable issues, laches may not be asserted as a bar to the proceedings. In any event, the child’s right to support is deemed to be a continuing right, one that cannot become stale at least until the age of majority.” Elliott v. State ex rel. Outlin, 547 So.2d 566, 567 (Ala.Civ.App.1989) (citations omitted). Under the AUPA, § 26-17-8(b), Ala.Code 1975, the only limitation for bringing a paternity action against a nonpresumed father is that it cannot be brought after the child reaches age 19. Id. We acknowledge that our Supreme Court has since determined that actions brought under the AUPA are equitable actions, not legal actions. Ex parte L.F.B., 599 So.2d 1179 (Ala.1992). However, we conclude that that determination does not affect the established law regarding the inapplicability of the doctrine of laches to paternity actions.
The next issue T.K.S. raises is whether the attorneys for the state violated the mandates of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by striking all blacks from the jury panel through their peremptory challenges. T.K.S. contends that no valid reason was given for the striking of one of the two blacks that were on the panel. He concedes that a valid reason was given for the striking of the other black from the panel. Counsel for the state said that black venire member C.B. was struck because he worked at Vulcan Materials Corporation and that he appeared to have a lesser educational background than the other jurors. Counsel contended that the issues in this case required more sophistication than C.B. appeared to possess. However, none of the prospective jurors was asked about his or her educational level, and a number of the jurors on the panel were in occupations that did not necessarily require any specific educational level. Counsel for the state said he based this opinion on the manner in which C.B. testified as to his employment. C.B. was the only prospective juror who was asked by the trial judge to speak up. Upon hearing the stated grounds for T.K.S.’s Bat-son challenge, the trial court denied his motion.
At the outset, we note that the Batson principle applies in civil cases as well as in criminal cases. KS. v. Carr, 618 So.2d 707 (Ala.1993). The burden is on the party alleging a Batson violation to first establish a prima facie case of discrimination. KS. v. Carr, supra. Once a prima facie case is established, there is a presumption of discrimination. Id.
“The responding party must then articulate a clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory. Once the responding party has articulated a race-neutral reason or explanation for eliminating the black jurors, the moving party can offer evidence showing that the reason or explanation is merely a sham or pretext.”
Id. at 710 (citations omitted).
“When the trial court has followed this procedure, its determination will be overturned only if that determination is clearly erroneous.” Id. The decision of the trial court regarding a Batson challenge is given great deference. Allen v. State, 555 *434 So.2d 1185 (Ala.Crim.App.1989). “The trial judge can better distinguish ‘bona fide reasons’ from ‘sham excuses.’” Id. at 1187. The record reveals that the trial court followed the proper procedure. We cannot say that the trial court’s decision was clearly in error, given that it was in a better position than this court to determine the credibility of the reason that was given.
T.K.S. next contends that the trial court erred in restricting him, in his voir dire examination and in his opening statement, from referring to the first trial to explain why he refused to take a blood test for this trial. T.K.S. concedes that this information was brought out in later testimony. However, he argues that he should have been allowed to examine the jury panel as to their feelings about a paternity defendant’s refusing a blood test and to bring out the information at the beginning of the case through the opening statement.
Under Rule 47(a), Ala.R.Civ.P., the court may permit the parties to examine the prospective jurors or it may itself conduct the examination. If the court conducts the initial examination, as it did here, the parties are allowed to ask supplementary questions. The extent of the examination is largely left to the discretion of the trial court. Welborn v. Snider, 431 So.2d 1198 (Ala.1983). We cannot say that the trial court abused its discretion in refusing to allow T.K.S. to question the prospective jurors about their feelings about a refusal to take a blood test. At the time of the voir dire examination, attorneys for the state said that they did not know whether they planned to bring up T.KS.’s refusal to take the blood test.
Additionally, it is well established that “[t]he time, manner and character of a party’s opening statement to the jury regarding what he expects to prove are within the trial court’s discretion, and a ruling on these matters is subject to reversal only when that discretion is abused to the prejudice of the party complaining.” Spence v. Southern Pine Electric Co-Op., 643 So.2d 970 (Ala. 1994), citing State v. Hargrove, 282 Ala. 13, 208 So.2d 444 (1968). We find no such abuse of discretion here. Although T.K.S. was not allowed in his opening statement to go into his reasons for refusing to take the blood test, he was allowed to go into it during his testimony. The court also allowed him to testify as to the judgment in his favor in the earlier lawsuit. Therefore, we find no prejudice to T.K.S. in the court’s refusal to allow statements about the blood test in the opening statement.
Next, T.K.S. contends that the trial court erred in admitting a photograph of the mother and him allegedly taken at a wedding on the night that the child was allegedly conceived. T.K.S. objected to the admission of the photograph at trial on the grounds that the mother was not the person who had taken the photograph; therefore, he argued, she did not have personal knowledge of when and where it was taken.
The introduction of photographs into evidence is within the discretion of the trial court and the court’s ruling is that regard will not be reversed except for a gross abuse of discretion. Raines v. Williams, 397 So.2d 86 (Ala.1981). The trial court’s discretion applies not just to the relevancy of the photograph, but to the sufficiency of the proof offered to identify the photograph and to show that it accurately represents what it purports to be. C. Gamble, McElroy’s Alabama Evidence, § 123.03(2) (4th ed. 1991). A photograph can be authenticated by any person “who is familiar with the subject matter of the picture and who is able to testify that the photograph is a substantially correct depiction of the relevant scene at the time of the event under inquiry.” Id. at § 123.03(3). We cannot say that the trial court abused its discretion in admitting the photograph of T.K.S. and the mother. The mother testified that, although she did not take the picture and did not remember it being taken, it was a picture of her and T.K.S. and it was taken at the wedding.
Next, T.K.S. maintains that the trial court erred in refusing to give two of his requested jury charges dealing with unreasonable delay (laches) and prior litigation (res judicata). T.K.S. contends that these requested charges were correct statements of law and, as such, should have been given to the jury. However, even if requested *435 charges are correct statements of law, they can be refused if they are inapplicable. See Sasser v. State, 494 So.2d 857 (Ala.Crim.App. 1986).
T.K.S. first requested that the trial court instruct the jury that if an unreasonable delay had occurred in presenting the claim and if that delay had prejudiced T.K.S. and if that delay was the state’s fault and not T.K.S.’s fault, then the jury could find for T.K.S. because of the delay. The court denied this jury instruction, and T.K.S. objected. We find no error in the trial court’s refusal to give this instruction. It is well established that laches cannot be asserted as a bar to a paternity action. See Elliott v. State ex rel. Óutlin, supra. Therefore, although the statement of law offered by T.K.S. may be a correct statement of the doctrine of laches, that doctrine is inapplicable in this case.
T.K.S. also requested that the trial court instruct the jury that it could find for T.K.S. if it found that this action was based on the same cause of action as the prior action; that in the prior action T.K.S. had a decision on the merits in his favor; that the court rendering the prior decision had had proper jurisdiction; and that there is a substantial identity between the parties in both cases. The trial court also denied this jury charge. Although this charge is based upon the general principle of the law regarding the doctrine of res judicata, those principles are inapplicable in this case, because our Supreme Court, in Ex parte Snow, supra, held that the doctrine of res judicata does not apply to a child’s action brought subsequent' to a disposition of the mother’s action, because, it held, the parties are not substantially the same. Therefore, the trial court properly refused this requested jury instruction.
The next issue T.K.S. raises is whether the jury verdict was against the great weight of the evidence. “A jury verdict is presumed to be correct and [or judgment based on it] should not be reversed unless it is plainly and palpably wrong.” White v. Searcy, 634 So.2d 577, 579 (Ala.Civ. App.1994). “This presumption is strengthened by the trial court’s denial of a post-judgment motion for a new trial.” Id. We cannot say that the jury verdict against T.K.S. was plainly and palpably wrong. Most of the evidence in this case was disputed. “This court must review the evidence most favorably to the prevailing party and must indulge all inferences that the jury was free to draw.” Id. Our review of the record reveals sufficient evidence to support the jury’s verdict.
The last issue raised by T.K.S. is whether the trial court erred in not granting a mistrial or a new trial based on the conduct of the child during T.KS.’s closing arguments. T.K.S. alleges that the child purposely started crying during his closing argument. After the child began crying, the trial court had the child removed from the courtroom and instructed the jury not to consider, during its deliberations, the conduct of any of the parties. T.K.S. contends that he is entitled to a mistrial, or at least to a new trial, because of the child’s conduct. However, he cites no authority in support of his argument, as required by Rule 28, Ala.R.App.P. Therefore, this court will not consider his argument. See Riley v. State ex rel. White, 563 So.2d 1039 (Ala.Civ.App.1990).
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN, YATES, and CRAWLEY, JJ., eoncur.
ROBERTSON, P.J., dissenting.