MADDOX, Justice.
The question presented on this appeal is whether a jury was authorized to find that three brothers, named as defendants, were engaged in business as partnership, thereby subjecting themselves to individual liability for damages arising out of an accident involving one of their employees.
*13 Plaintiff, Barnes Used Cars, Inc., sued three brothers, Neal Sims, Jackie Sims, and Wetsell Sims, individually and d/b/a Sims Brothers Transport, for negligence. The defendants were in the business of hauling used automobiles from place to place, and the plaintiff claimed that Jackie Sims’s employee was involved in a collision while hauling cars belonging to the plaintiff, and that its cars were damaged in the accident. Jackie Sims did not answer the complaint, and a default judgment was entered against him. Neal and Wetsell Sims answered the complaint, but after a jury trial, the jury returned a verdict against them in the amount of $20,000, and the trial judge entered a judgment against them based on that verdict. Neal Sims then filed a motion for a new trial in which he claimed that the verdict of the jury was against the great weight and preponderance of the evidence, specifically that the evidence was insufficient to support a finding of a partnership between him and his brother, Jackie Sims, and that without such a finding, he could not be liable.
Plaintiff does not dispute that Neal Sims’s liability here is purely derivative. The question, therefore, is whether there was sufficient evidence for the jury to find that Neal Sims and his brother Jackie were partners; if not, Neal Sims could not be liable on the claim and the judgment of the trial court would have to be reversed as to him. Wetsell Sims did not appeal.
The principle of law that governs our review is that the verdict of a jury is presumed correct and will not be set aside unless it is against the weight and preponderance of the evidence, and this presumption of correctness of a jury verdict is strengthened when, as in the present case, the trial judge refuses to grant a motion for a new trial. T G & Y Stores v. Atchley, 414 So.2d 912, 914 (Ala.1982).
The verdict of the jury in favor of the plaintiff in this case is supported by the following credible evidence:
1)The plaintiff introduced printed invoices used for the billing by “Sims Brothers Transport” that listed all three brothers’ names on the letterhead;
2) The plaintiff introduced a number of checks that were issued to one brother and endorsed by another brother or by Sims Brothers Trucking or Sims Auto Sales;
3) Buddy Barnes, president of the plaintiff corporation, Barnes Used Cars, Inc., testified that Sims Brothers Transport was operated by Jackie, Wetsell and Neal Sims, and that he considered it to be a partnership; and
4) Barnes also testified that he relied on the three brothers as a group, and not as individuals, when he wanted work done.
The evidence on whether a partnership existed was, of course, disputed, but the trial judge correctly instructed the jury on the issue of partnership; and the case was submitted to the jury. When the jury, during its deliberations, requested that the trial judge again instruct it on the definition of a partnership, counsel for Neal Sims stated during the colloquy:
“MR. HANSON: I don’t have any problems with you instructing them on the definition again.
it * * *
“MR. HANSON: As a matter of fact, I’ll go further. I don’t have any objection to the written charges beipg given to the jury.” (R. 171-72)
The judge did send the written charges to the jury. The jury returned a verdict in favor of the plaintiff, and the trial judge strengthened the presumption of correctness of the jury verdict by overruling Neal Sims’s motion for a new trial.
Based on the foregoing, we have reviewed the arguments of the appellant, and we find that the verdict was supported by credible evidence. The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.