209 So.2d 891

**Stanley L. COOK**

**v.**

**John Willard SWEATT et al.**

**7 Div. 654.**

Supreme Court of Alabama.

March 18, 1965.

Rehearing Denied May 23, 1968.

Weir & Shannon, Birmingham, for appellant.

London, Yancey, Clark & Allen and Max Hudson, Birmingham, for appellees.

## PER CURIAM.

Mrs. Irma M. Cook, wife of appellant Stanley L. Cook, filed her suit, in the circuit court of St. Clair County, to recover damages for personal injuries that she allegedly sustained when a truck of appellee, Troy Knight, collided with the rear of her car at a street intersection in Pell City due to the negligence of the truck driver, John Willard Sweatt, who at the time was the agent of appellee, Troy Knight. Mrs. Cook also claimed damages for medical expenses incident to the treatment of her injuries. The jury awarded her a judgment for $5,000.00. Neither party appealed from this judgment.

Appellant, Stanley L. Cook, the husband, filed his suit contemporaneously with his wife's suit to recover damages allegedly accruing to him as an outgrowth of the same collision. He claimed in his suit that he was caused to incur expense for medical treatment, and help for his wife and for her injuries. He also alleged that he would continue to incur further expense in the future in and about the treatment of his wife's injuries. Also, he alleged that he lost the society, consortium, and services of his wife, and would continue to lose the same in the future. He averred that all the aforestated damages were proximately caused by the negligence of the defendants as alleged in the complaint.

Both suits were consolidated by agreement of the parties and tried at the same time, before the same jury, with an understanding for separate verdicts. The jury returned a verdict for the defendants in

the husband's suit. Judgment was duly entered in accordance with the verdict. This appeal emanates therefrom.

The husband, within the time allowed by law, filed a motion for a new trial with thirty-one grounds. The trial court seasonably overruled and denied the motion. This ruling is here assigned as error. There were no other assignments.

On appeal under § 764, Title 7, Code 1940, as amended by Act No. 57, appvd. June 10, 1949, Acts 1949, p. 81, appellant may assign the denial of the motion as error. The assignment here is that "the Court erred in overruling the motion of plaintiff, Stanley L. Cook, for a new trial * * *." Such an assignment justifies consideration of any ground of the motion stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, and on such assignment this court will consider any ground of the motion which is clear, specific, and adequately argued in brief by the appellant. Popwell v. Shelby County, 272 Ala. 287(1), 130 So.2d 170, 87 A.L.R.2d 1148; Fuller v. Darden, 274 Ala. 447(3), 149 So.2d 805(3); Pearson v. Birmingham Transit Company, 264 Ala. 350, 87 So.2d 857(1).

Appellant, in his brief, argues that the verdict of the jury for defendants was contrary to the great weight of the evidence, was inadequate, and inconsistent with the verdict in favor of the wife. These grounds were incorporated in the motion for a new trial.

Since the appellant and his wife both claimed damages for the medical expenses incident to the treatment of the wife's injuries, we are of the opinion that both claimants should not be allowed to recover this expense. The trial court so charged the jury. This appeal is on a single record, consolidating the pleadings, rulings, testimony, and transcript of both cases.

We have no way of knowing from the verdict what damages the jury considered and included in their verdict, but we can tell from the evidence that they had an opportunity to include the medical expense in their verdict for the wife, and which she claimed in her suit. In several instances Mrs. Cook testified that she herself paid certain medical expense incident to the treatment of her injuries she received in the collision with the truck, which occurred on August 15, 1965. She produced cancelled checks she signed in payment of treatment.

Mrs. Cook's counsel propounded her questions as follows:

"Q. Do you have any judgment as to the amount of money you have paid out from August 15, 1962, through to date for Doctor bills? Do you have a judgment as to Doctor bills, medical bills, weights, and hospitalization?

"A. About, for that, about $4,000.00, I imagine, Mr. Weir, in all.

"Q. Roughly, $4,000.00.

"A. Yes, sir."

In the light of her testimony in support of her claim for medical expense as a part of her damages, we would be unwilling to say that the jury did not include reasonable medical expense in their verdict for Mrs. Cook. Mr. Cook did not testify as to any expense he paid or incurred. A logical inference in the light of such testimony would follow that Mrs. Cook recovered this expense in her judgment. We would not disturb the verdict in the case at bar and here on appeal because the jury did not award damages to appellant to cover this expense. There was no evidence as to future medical expense appellant would probably incur for treatment of his wife's injuries that proximately resulted from the collision.

The next question is whether or not the motion for a new trial should have been granted for failure of the jury to award damages to appellant because he lost the society, consortium, and services of his wife, and for future loss of such society, consortium and services.

The late and eminent Justice Bouldin, in the case of Woodson v. Bailey, 210 Ala. 568, 570, 98 So. 809(1), 810, writes of consortium as follows:

"In the civil law the term consortium signified a lawful Roman marriage. Black's Law Dict. 'Consortium.'

"In the early common law it was limited to the rights of the husband growing out of the marriage relation. In modern law it has come to denote the rights of either consort, and may be said to include those collective rights of either husband or wife resulting from and inherent in the marital union. These rights have been defined in this form of action to include the person, affection, society, and assistance. The terms 'service,' 'aid,' 'fellowship,' 'companionship,' 'company,' 'co-operation,' and 'comfort' have also been employed in defining those mutual and special rights growing out of the marriage covenant. The loss of consortium is the loss of any or all these rights. 12 C.J. 532; 30 C.J. 1123, § 977; 2 Words & Phrases, First Series, 1453; 13 R.C.L. 507."

The evidence in this case discloses that Mrs. Cook had, prior to the accident, been treated by a gynecologist, Dr. Gilmore, for female disorders and diseases; that the doctor gave her shots for a hysterectomy that he performed on her. She was also slightly hurt and lacerated about the head in another automobile accident in 1961. Dr. Jones, a specialist in orthopedic surgery, testifying for Mrs. Cook, stated as follows:

"Q. All right, sir, when you took a history of this lady, did she tell you that she had some trouble with her back and neck ever since she was 27 years old?

"A. I believe she said that she had had some trouble since the age of 27 and right up until 2 years before the present accident.

"Q. And she had also, some arthritic condition in her right knee since the age of 27, did she not; that is the history she gave you, is that right?

"A. That's right.

"Q. Now then, after you had taken her history and put her through these tests, then, I assume, you had x-rays made and it showed extensive what we call old age wear and tear arthritis?

"A. Yes, sir.

"Q. A severe amount? It is called Osteoarthritis?

"A. Yes, sir.

*   *   *   *   *   *

"Q. And I believe that you found that Mrs. Cook was suffering from osteoarthritis of the neck and low part of the back, on this occasion?

"A. Yes, sir, mild to moderate in the low back and extensive in the neck.

"Q. And that is something that comes on and has nothing to do with an automobile accident, doesn't it?

"A. These are changes before the accident."

We think that in evaluating the several elements or factors that are included in the definition of consortium, the subject of appellant's claim for damages, the jury had the right to consider the age of plaintiff, who was above 50, and that of his wife, who was 52 at the time of the accident; and also the state of the wife's health, disassociated from the injuries she received in the accident with defendants' truck.

Compensatory damages to the husband for loss of consortium due to personal injuries to the wife cannot be ascertained by any fixed standard, but are left to the jury's sound discretion, subject to correction by the court only when there has been a clear abuse of such discretion as will evidence passion or bias for or against the plaintiff or defendant.

The award to the wife in her suit against the defendants does not indicate that the jury was influenced by any bias or prejudices, but on the other hand supports a reasonable judicial conclusion that they were free of passion or prejudice in evaluating the evidence and in assessing damages.

Under all the circumstances of the trial, the province of the jury to determine the credibility of the evidence, to reconcile the conflicts therein where possible, draw legitimate inferences therefrom, find the facts, apply the facts to the law as given in the charge, and express their conclusion in their verdict (Franklin Fire Insurance Company v. Slaton, 240 Ala. 560, 200 So. 564(3, 4)), and the refusal of the trial court to grant appellant's motion for a new trial, thus strengthening the presumption in favor of the correctness of the jury's verdict (National Biscuit Co. v. Wilson, 256 Ala. 241, 54 So.2d 492), we are unwilling to disturb the verdict and judgment rendered for the defendants.

The award by the jury of a substantial verdict for Mrs. Cook, and awarding nothing for appellant, are not inconsistent verdicts. The jury was entitled to conclude from the evidence that even though the defendants were guilty of negligence as charged, the plaintiff-husband suffered no damages therefrom. Pagano v. Morrison's Textiles, Inc., (Fla.), 149 So.2d 897.

There was no error in the refusal of the trial judge to grant appellant's motion for a new trial. The judgment of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.