300 So.2d 814

Joseph H. TORANTO and Rhoda Toranto

v.

Beatrice G. McGRAW.

SC 698, SC 698–A.

Supreme Court of Alabama.

Sept. 19, 1974.

Sirote, Permutt, Friend & Friedman and Leonard Wertheimer, III, Birmingham, for appellants.

Rives, Peterson, Pettus, Conway & Burge, and Edgar M. Elliott, III, Birmingham, for appellee.

MADDOX, Justice.

Husband and wife were involved in an automobile accident. Husband was driving his car; his wife was a passenger in his car. Each filed suit. The husband sued for his personal injuries, medical expenses for his wife, and damages to his car. The wife sued for her own personal injuries. The cases were consolidated for trial. A jury returned a verdict for the husband in his case for $750. The jury returned a verdict for the defendant in the wife's case.

Appellants' arguments are easily stated:

(1) The jury verdicts are inconsistent since the jury found for the husband, who was driving, and found against the wife, who was only riding in the car.

(2) The damages awarded are grossly inadequate.

(3) Since the jury found the defendant breached a duty owed to the plaintiff husband, it necessarily had to award at least *nominal damages.*

Appellee answers appellants' three arguments as follows:

"It is basic, Hornbook law, that before one can recover in a personal injury action he must prove that the defendant:

"1. Was guilty of negligence.

"2. That such negligence proximately caused the occurrence of which complaint is made.

"3. That the plaintiff was injured as a result of such negligence.

"Should any citation be necessary, we refer the Court to Birmingham Railway Light and Power Company v. Chastain, 158 Ala. 421, 48 So. 885, and Birmingham Railway Light and Power Company v. Barrett, 179 Ala. 274, 60 So. 263.

"It is conceded that the jury found that the defendant was guilty of negligence; that the jury did not find that Mr. Toranto was guilty of contributory negligence; and that there was no evidence upon which Mrs. Toranto could be found guilty of contributory negligence. It is further conceded that such negligence was found by the jury to be the proximate cause of the accident in question."

Appellee continues:

"Obviously the jury felt that the plaintiffs failed to carry their burden of proof that either of them were injured in the accident. The argument immediately arises: this could not be true because the jury returned a verdict for Mr. Toranto, inadequate though it was. The response is that the argument fails to consider that there were three aspects to Mr. Toranto's claim for damages:

"1. His alleged personal injury and medical expenses [burden not carried].

"2. His wife's alleged injuries with resultant medical expenses and loss of consortium to him [burden not carried].

"3. Damage to automobile measured by the difference in the reasonable market value before the accident and the reasonable market value after the accident with the repair estimate serving as a guide thereto (or as one factor to be considered) and the loss of use of a business vehicle [burden carried].

"While Mr. Toranto was not exact about it, the total of the repair bill, the tire replacement and the rental cost as testified to by him was $633.00 (plus). Photographs of the damaged vehicle were in evidence and the jury obviously awarded him damages of $750.00 for his property damage and loss of use, and not being satisfied that either he or his wife received any personal injuries, nothing for this. He himself characterized the charges as 'approximately' or as 'plus,' thus leaving a range in which the jury operated to make sure that he received an adequate award for the damages which they were reasonably satisfied that he in fact suffered.

"In other words, the jury found that there were no personal injuries proven to their reasonable satisfaction as to Mr. Toranto or Mrs. Toranto and they awarded him only property damage. As Mrs. Toranto failed to carry the burden of proof, it was only appropriate to award a verdict for the defendant in her case."

■ The jury saw and heard the witnesses. The credibility of their testimony was for the jury to determine. Cf. Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331 (1965).

■ The husband and wife cases were consolidated for trial. The verdicts were different in that plaintiff husband was awarded $750 and plaintiff wife was awarded nothing. This was within the jury's prerogative.

In Cook v. Sweatt, 282 Ala. 177, 209 So. 2d 891 (1965), the jury awarded the injured wife a verdict and gave a defendant's verdict in the companion case of her husband for medical expenses and loss of services. This Court stated:

"Under all the circumstances of the trial, [it was] the province of the jury to

determine the credibility of the evidence, to reconcile the conflicts therein where possible, draw legitimate inferences therefrom, find the facts, apply the facts to the law as given in the charge, and express their conclusion in their verdict . . . .

"The award by the jury of a substantial verdict for Mrs. Cook, and awarding nothing for appellant, are not inconsistent verdicts. *The jury was entitled to conclude from the evidence that even though the defendants were guilty of negligence as charged, the plaintiff-husband suffered no damages therefrom.* (Citation omitted.)" [Emphasis added.] 282 Ala. at 181, 209 So.2d at 894.

If a plaintiff fails to carry the burden of proof as to the allegation that he was injured, whether his case is tried separately, or is consolidated, he cannot recover.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.