Appeal by the plaintiff from the denial of his motion for a new trial. We reverse and remand.
Kermit McCain, the plaintiff, was driving his automobile on U.S. Highway 431 a few miles north of Wedowee when his automobile collided with the defendant's on-coming truck — tractor which was pulling one-half of a mobile home. The cause of the collision was disputed, but immediately following the collision McCain's automobile was dragged forward by the truck and came to rest partially underneath the mobile home. Some of the 2 X 6 timber units which supported the mobile home entered the McCain car through the rear glass, passed through the rear seat and came to rest against the rear of the front seat, *Page 811 
pushing it forward. McCain was pinned inside his automobile for about forty minutes before being removed. He was first taken to the Wedowee Hospital, but then was transferred to the North Alabama Regional Medical Center in Anniston. Upon admission there he was found to have: an anterior dislocation of the right hip; a posterior dislocation of the left hip; a compound comminuted fracture of the right tibia; a closed fracture of the left tibia; fractures of the second, third, fourth and fifth ribs on his right side; a fracture of the right pelvis; and a fracture of the sacroiliac joint. Both of McCain's legs were put in casts; holes were drilled through his legs and pins inserted in these for traction purposes. He suffered a hemorrhage in his right lung resulting in an irritation of the lung lining.
McCain was hospitalized from December 22, 1978 until February 8, 1979. Until January 25, 1979 he was immobilized in bed. On that date he began therapy in order to develop his ability to stand and walk.
In April, 1979 Redman Homes, Inc. (Redman) brought this action against McCain, charging him with negligence or wantonness in causing damage to Redman's mobile home, and asking Ten Thousand Dollars damages. McCain's answer denied the plaintiff's allegations, inter alia. He counterclaimed against Redman for its negligence or wantonness, and demanded One Hundred Fifty Thousand Dollars damages for his pain and suffering, mental anguish, his permanent injuries, his past, present and future medical expenses, and for the loss of his automobile.
A jury trial ensued. During the course of the trial the parties stipulated to the following items of McCain's expenses: $9,570.00 medical bills for hospital and physician's services, therapy and a walker; $500.00 in drug bills; and $900.00 for his automobile, or an aggregate of $10,970.00.
After closing arguments the trial court gave its charge to the jury which included the following:
 Now, when a person is damaged by another one, you compensate them for the damage. So I'll have to give you the rules of how to arrive at the compensation for these different things. Now, for past, present, and future medical expenses if you will determine that Redman Homes is liable for it, then you will assess the amount of damages for the medical expenses. They'd have to pay all the medical expenses that have already been paid which agreed upon [is] $10,570 plus any that he's likely to have in the future. Also, about the property damage to his Chevrolet automobile. If you are reasonably satisfied that Redman should pay for that, then that is $900. Now, physical pain, suffering, and mental anguish. To compensate him for that we have no yard stick. I can't say do it this way. I can't say what you base it on. It's within your discretion. But it must be sound discretion and not emotional and so forth. You assess what you think would be a reasonable amount to compensate him for the pain and for suffering that he has suffered and what he may suffer in the future if you think he may suffer some in the future.
 Permanent injuries. There has been testimony that he claims that he has been permanently injured. Now, there's no yard stick for that except that you can consider the fact that his earning capacity has been decreased. And I believe he has according to the mortality table there 16 more years to live. So you in your discretion assess an amount for that. But it is a reasonable amount and not unbridled discretion on your part.
. . . . .
 Now, on the cross claim which I have labeled here, the McCain suit, the form of your verdict will be — depending on what you decide — we the jury find for defendant cross claimant, Kermit McCain, and assess his damages at so much. So many dollars not less than 10,000 — I mean $11,470 and not more than the hundred and fifty thousand dollars claimed in this suit.
During their deliberations the jury proffered a written question to the court, viz.: *Page 812 
 What would be the least amount we could award Kermit McCain?
The trial court responded:
 As previously instructed, in the event you find for Kermit McCain you can award him an amount not less than $10,970.00 nor more than $150,000.
In due course the jury returned a verdict in favor of McCain in Redman's action against him, and in favor of McCain on his counterclaim against Redman, fixing his damages at $10,970.00. McCain moved for a new trial, maintaining that the damages were inadequate. That motion was overruled and McCain appealed.
The appellee poses the issue in this manner:
 Whether or not the Trial Court erred in refusing to grant Appellant-McCain's motion for a new trial based on the inadequacy of damages where the jury award was the exact amount as instructed by the Court and where no objection to said instruction was raised at any time by Appellant-McCain.
This statement of the issue is based upon two premises: (1) That the $10,970.00 figure contained in the trial court's response to the jury's question was objectionable; and (2) Having failed to object to that instruction, the appellant waived the right to move for a new trial on the ground of inadequate damages.
The appellee is correct in its assertion that Rule 51, ARCP requires an objection to an improper charge in order to predicate error upon it:
 No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper charge unless he objects thereto before the jury retires. . . .
The use of the phrase "As previously instructed" in the trial court's response rendered the entire charge ambiguous. In the first instruction, quoted above, the trial court not only instructed the jury upon the special damages proved by dollar amount, but also charged them on pain, suffering and mental anguish: "You assess what you think would be a reasonable amount to compensate him for the pain and for suffering that he has suffered" (in the jury's sound discretion). Then the trial court instructed on permanent injuries: "There has been testimony that he claims that he has been permanently injured. . . . So you in your discretion assess an amount for that. But it is a reasonable amount . . ." This was followed by an instruction explaining the use of the verdict forms utilized on McCain's counterclaim: "[T]he form of your verdict will be — depending on what you decide — we the jury find for Defendant cross [counter] claimant, Kermit McCain, and assess his damages at so much. So many dollars not less than 10,000 — I mean $11,470 and not more than the hundred and fifty thousand dollars claimed in this suit."
Viewing the instructions as a whole, they were "otherwise improper" under Rule 51, ARCP because they were confusing, authorizing at one time a minimum amount of damages of $11,470.00 and at another time $10,970.00. Thus an objection could have been made to that aspect of the charge.
The evidence was uncontradicted that the appellant sustained painful injuries. The attending physician associated pain with these injuries and the appellant himself testified to his pain. Moreover, the evidence was uncontradicted that the appellant sustained permanent injuries. The physician testified that the fracture of the pelvis on his right side resulted in a shortening of his left leg, approximately an inch shorter than his right leg, and that this condition could not be corrected in the future. The jury found against Redman on its action and in favor of McCain on his counterclaim. That verdict was a judgment on the facts as to liability. Therefore the jury was obliged to give "substantial compensation for substantial injuries." Walker v.Henderson, 275 Ala. 541, 156 So.2d 633 (1963). Although the jury did award $10,970.00 to McCain, this sum clearly did not include anything for proven physical pain, mental suffering, or permanent injuries. *Page 813 Bibb v. Nelson, Ala., 379 So.2d 1254 (1980); cf. Dunn v. Beasley,42 Ala. App. 51, 151 So.2d 791 (1963).
Did McCain waive the right to raise that issue on appeal by not objecting to the charge? That question is answered by the claimed error itself. Rule 51 by its express terms applies only to assignments of error on the trial court's giving or refusing to give a jury instruction. Here the appellant does not contend that the trial court erred. Had the appellant done so, he could not prevail because he did fail to object. Here the appellant complains that the jury erred by not awarding adequate damages. Rule 51 does not apply to that error even though the reason for that award may have been due to the trial court's response to the jury's question.
Code of Ala. 1975, § 12-13-11 states:
 (a) On motion filed within 30 days from entry of judgment, a new trial may be granted for the following grounds:
. . . . .
(4) Excessive or inadequate damages.
. . . . .
 (8) Error of law occurring at the trial and properly preserved by the party making the application.
Under that statute a party is given a right to ask for a new trial for (8), preserved errors of law. Rule 51, ARCP complements that ground, which is a separate and distinct ground from (4), the ground of inadequate damages. Were we to deny a party his statutory right to assign inadequate damages as a ground for a new trial because that ground is related to the trial court's instructions, the effect would be to abrogate the clear and unconditional language of subsection (4) by placing that language within the terms of subsection (8). This Court possesses no such amendatory power.
For the foregoing reasons the judgment denying the motion for a new trial must be, and is, reversed, and the cause is remanded for a new trial. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.