These appeals arise from an action for negligence brought by Mrs. Johnnie E. Atchley and her husband, Willie M. Atchley, against TGY Stores, a corporation. The complaint alleged that TGY's negligent maintenance of its floors was the proximate cause of Johnnie Atchley's injuries. Mrs. Atchley alleged that TGY negligently left boxes on the floor of its store, causing her to fall. Her daughter testified that she heard her mother fall and when she turned to look, several boxes were lying on top of Mrs. Atchley. As a result of the fall, Mrs. Atchley broke her hip and suffered other injuries. Willie Atchley, her husband, sought damages for the deprivation of her services and for medical expenses incurred for his wife's treatment.
The action was tried before a jury in Talladega County. At trial, TGY introduced evidence of Mrs. Atchley's various medical conditions, such as arteriosclerosis and diabetes, that might have caused her to fall. TGY moved for a directed verdict, which the trial court overruled. The jury returned a verdict in favor of Johnnie E. Atchley, and awarded her damages of $20,000.00. The jury also returned a verdict in favor of Willie Atchley, but awarded no damages. The trial court overruled TGY's motion for a JNOV or, in the alternative, for a new trial. The court also overruled Willie Atchley's motion for a new trial and entered a judgment notwithstanding the verdict, against Atchley and in favor of TGY. TGY appeals; Willie Atchley cross-appeals.
TGY contends that the trial court erred in denying its motion for a directed verdict and its motion for a new trial. TGY argues that Mrs. Atchley failed to show that her injuries were proximately caused by TGY's negligent act or omission. *Page 914 
In order to establish a cause of action for negligence, three elements must be shown. There must be a breach of a legal duty, there must be an injury, and the breach of duty must be the proximate cause of the injury. See Goodson v. Elba Baking Co.,408 So.2d 498 (Ala. 1981); Quillen v. Quillen, 388 So.2d 985
(Ala. 1980). Clearly, a business, such as TGY, owes a duty to its invitees to exercise reasonable care to keep its premises in a reasonably safe condition. See Foodtown Stores, Inc. v.Patterson, 282 Ala. 477, 213 So.2d 211 (1968). Furthermore, there is no dispute that Mrs. Atchley suffered an injury.
TGY asserts that any verdict in favor of Mrs. Atchley is based on speculation. It is true that a jury may not choose between two equally probable inferences. See Maddox v. Ennis,274 Ala. 229, 147 So.2d 788 (1962); Southern Railroad Co. v.Dickson, 211 Ala. 481, 100 So. 665 (1924). Nevertheless, the two hypotheses presented at trial are not equally probable. TGY introduced evidence that Mrs. Atchley suffered from arteriosclerosis and diabetes, and that as a result, she may have become dizzy and fallen. TGY did not introduce anyone who saw Mrs. Atchley fall or who could state that she looked dizzy. On the other hand, Mrs. Atchley's daughter testified that there were boxes on the floor in front of a display case. She heard Mrs. Atchley fall, and turned to see the boxes lying on top of Mrs. Atchley. Under the circumstances, we cannot say that the jury was not authorized to choose between the two hypotheses.
The question of proximate cause is a question for the jury.Marshall County v. Uptain, 409 So.2d 423 (Ala. 1981). It is the function of the jury to resolve disputed issues of fact.Fleming v. Kirkpatrick, 371 So.2d 16 (Ala. 1979). The verdict of the jury is presumed to be correct, and will not be set aside unless it is against the preponderance of the evidence.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979). The presumption of correctness is strengthened when, as in the present case, the trial judge refuses to grant a motion for a new trial. The verdict of the jury in favor of Johnnie Atchley is supported by credible evidence, and will not be disturbed on appeal.
The issue presented by Willie Atchley's cross-appeal is whether the trial court erred in granting a judgment notwithstanding the verdict, against Mr. Atchley. The jury rendered a verdict in favor of Willie Atchley, but failed to award any damages.
An award of damages in favor of an injured spouse does not necessitate that the jury enter a verdict in favor of the other spouse in a companion suit for loss of consortium. Hardin v.Alabama Great Southern Railroad Co., 45 Ala. App. 301,229 So.2d 803 (1969). See Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891
(1965). The evidence at trial demonstrated that Mrs. Atchley incurred medical expenses in conjunction with her injury. In a letter to her doctor, Mrs. Atchley requested that the bill for medical expenses be sent to her. These expenses were necessarily a part of the damages awarded to Mrs. Atchley. There is no evidence that Willie Atchley suffered any damages as a result of his wife's injuries. The lack of damages is evidenced by the jury's failure to award damages to Mr. Atchley. The trial court did not err in granting TGY's motion for a judgment notwithstanding the verdict. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 915