Luther Phillips and Daniel Tays were involved in an automobile accident on July 8, 1987. Phillips received injury to his ribs and a broken foot as a result of the accident. Tays was not injured. Phillips was taken to the emergency room for X-rays and treatment. *Page 1097 
He was placed in a splint and was required to use crutches for several weeks. Phillips subsequently filed suit against Tays, seeking damages for his injuries, pain, suffering and medical expenses. Phillips' wife joined in the suit as a party plaintiff, claiming damages for loss of companionship, society and consortium.
After a jury trial, the jury returned a verdict for Phillips in the amount of $2500, and against his wife, denying her any relief for her claim. The trial court denied the Phillipses' motion for new trial. They now appeal.
The dispositive issues on appeal are (1) whether the trial court erred in excluding portions of Phillips' physician's deposition pertaining to the necessity of future surgery, and (2) whether the jury's failure to return a favorable verdict on Phillips' wife's claim for loss of consortium was error.
 I
The pertinent part of the doctor's deposition excluded by the trial court is as follows:
 "A. Two things were done further in this visit. One, an impairment rating and two, in the other order first — in the reverse order in which I described them, to the discussion with him about corrective surgery. It's a judgment call. In a matter of settlement it is indicated to take into account surgery for this, such as cutting the extensor tendon to the third toe and perhaps the joint covering in an attempt to bring it downward.
 "Perhaps a syndactyly, that is, surgically joining the third toe perhaps with the second in the proper weight-bearing position so that by joining them permanently, this second toe might hold the third in better weight-bearing alignment. These procedures mentioned are ones that can be done in an attempt to correct this. I did not press the matter. I gave him the information for his consideration.
 "I did not press a decision on the surgery for a couple of reasons. One is that although he had symptoms such as wanting to take his shoe off when standing, for instance, at work some period of time. That's a pertinent symptom regarding this complaint.
 "The other is the fact that this surgery is difficult to do effectively so it fully corrects the changes. Therefore, an experienced surgeon will recommend these only when the patient feels he must and wants to have something done about it.
 "The third, urgent, reason for waiting in his case was that he's undergone a long period of treatment here and at the University of Alabama, Birmingham with antibiotics for a staph infection of a cyst; evidently a pilonidal cyst. And so we know the skin is heavily colonized by staph and he would be at greater risk than normal for a postop infection."
After the exclusion of this testimony, the trial court then charged the jury that they could not award any damages for any future doctor, hospital or medical expenses since there was no evidence presented of any future expenses to be incurred.
The excluded part of the doctor's deposition was relevant and had probative value with respect to future pain, future medical expenses, and the extent and permanency of the injury. Future medical expenses are a proper element of damages in a personal injury action. Elba Wood Products, Inc. v. Brackin,356 So.2d 119 (Ala. 1978).
Accordingly, we find that the trial court erred in excluding the doctor's testimony pertaining to the necessity of future surgery to correct the permanently injured foot, and we reverse for a new trial as to Phillips.
 II
Phillips's wife contends that the jury erred in not finding a verdict in her favor on her loss of consortium claim. Compensatory damages for loss of consortium, due to injuries to a spouse, cannot be ascertained by any fixed standard, and are left to the jury's sound discretion, subject to correction by the court when there has been a clear abuse of discretion evidencing passion or bias; and a verdict for one *Page 1098 
spouse in a suit arising out of an accident, and a verdict against the other spouse who sued for loss of society and consortium, is not inconsistent. Cook v. Sweatt, 282 Ala. 177,209 So.2d 891 (1965). It is the jury's province to determine the credibility of the evidence, to reconcile conflicts therein, to draw legitimate inferences therefrom, to find facts and apply them to the law as given in the charge, and to express their conclusion in a verdict. Cook, supra. This part of the judgment is to be affirmed.
This case is due to be affirmed in part, reversed in part, and remanded for a new trial.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.