603 So.2d 1104 (1992)
Harry Pitts HINSON and Kathy Hinson
v.
Charlotte M. KING.
2910051.
Court of Civil Appeals of Alabama.
August 21, 1992.
*1105 James Harvey Tipler and D. Milburn Gross, Jr. of Tipler and Tipler, Andalusia, for appellants.
A. Stewart O'Bannon III and Christopher E. Connolly of O'Bannon and O'Bannon, Florence, for appellee.
THIGPEN, Judge.
This is an appeal from a personal injury lawsuit.
Harry Pitts Hinson sued Charlotte M. King for injuries which Hinson suffered as a passenger in an automobile which was struck from the rear by an automobile driven by King.
At trial, the parties stipulated that Hinson's medical bills in the amount of $7,425.00 were reasonable. Hinson, a pediatric dentist, claimed that due to those injuries, he can no longer work for extended periods of time. Consequently, he requested an award for past and future damages and for pain and suffering, as well as past and future lost wages. Also, Hinson's wife claimed a loss of consortium, alleging that her husband had become more irritable and less involved in family activities since the accident.
Following a jury trial, Hinson was awarded $7,500 for past damages, but no award was made for future medical expenses, pain and suffering, past or future lost wages, or for Mrs. Hinson's loss of consortium claim. The Hinsons' motion for a new trial was denied.
On appeal, the Hinsons raise the following issues: 1) Whether the questions about Hinson's savings account and credit card records were improper; 2) Whether the introduction into evidence of certain exhibits was error; 3) Whether the verdicts were inconsistent; and, 4) Whether the verdict in favor of Hinson was clearly inadequate. We affirm.
First, although admitting evidence of a litigant's financial status or wealth is highly prejudicial and can be grounds for reversal, see Allison v. Acton-Etheridge Coal Co., Inc., 289 Ala. 443, 268 So.2d 725 (Ala.1972); Southern Life & Health Ins. Co. v. Whitman, 358 So.2d 1025 (Ala.1978), Hinson did not properly preserve this issue for appellate review. The record revealed that Hinson allowed testimony regarding his savings accounts and credit cards to be presented, and that no objection was made prior to the testimony and evidence being admitted.
When a witness is asked a question which calls for inadmissible testimony, it is mandatory that the party opposing the question object after the question, but before the answer, unless the opposing party did not have a reasonable opportunity to make a timely objection. C. Gamble, McElroy's Alabama Evidence, § 426.01(3) at 957-58 (1991). We note from the record in this case that Hinson had ample opportunities to object to the questioning he claims was improper, but that he failed to do so in a timely manner. A timely objection is a condition precedent to assigning the admission of such an answer as grounds for error on appeal. Macon County Commission v. Sanders, 555 So.2d 1054 (Ala.1990). *1106 Consequently, we find no error as to this issue.
Concerning Hinson's second issue, we note that the exhibits which he claims were erroneously admitted into evidence were merely compilations of other documents which already had been introduced by King and admitted into evidence. Since the trial court is given wide discretion regarding its rulings on admissibility, Williams v. Hughes Moving & Storage Co., 578 So.2d 1281 (Ala.1991), we cannot say that the trial court's decision here rose to the level of reversible error.
Third, Hinson argues that the verdict was inconsistent in that he was awarded damages, but his wife's loss of consortium claim failed. Consortium is defined as "conjugal fellowship of husband and wife, and the right of each other to the company, society, co-operation, affection, and aid of the other in every conjugal relation." Black's Law Dictionary, 280 (5th ed. 1979). Black's goes on to say that, "[d]amages for loss of consortium are commonly sought in wrongful death actions, or when the spouse has been seriously injured through negligence of another...." Black's at 280. Also, compensatory damages for loss of consortium due to injuries to a spouse cannot be ascertained by any fixed standard, but are left to the sound discretion of the jury. Phillips v. Tays, 555 So.2d 1096 (Ala.Civ.App.1989). An award of damages in favor of an injured spouse does not necessitate a companion verdict for loss of consortium for the other spouse. See, e.g., TG & Y Stores v. Atchley, 414 So.2d 912 (Ala.1982). In considering a loss of consortium claim by a spouse,
"[i]t is the jury's province to determine the credibility of the evidence, to reconcile conflicts therein, to draw legitimate inferences therefrom, to find facts and apply them to the law as given in the charge, and to express their conclusion in a verdict."
Phillips at 1098, citing to Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965).
The evidence in the instant case reveals that Mrs. Hinson accompanies her husband on business trips and vacations, and that the couple's lifestyle has not changed significantly since the accident. In consideration of the evidence presented to the trial court, we cannot say that the failure of awarding damages for loss of consortium to Mrs. Hinson was inconsistent with an award of past damages for the husband.
Finally, we discuss whether the trial court erred in denying Hinson a new trial due to the alleged inadequacy of the verdict, in that the award was for past medical expenses only. We begin by noting the following:
"The strong presumption of correctness of a jury verdict is strengthened by the trial court's denial of a post-judgment motion for a new trial. Therefore, we must review the tendencies of the evidence most favorably to the prevailing party and indulge all inferences that the jury was free to draw. Moreover, a judgment based on a jury verdict will not be reversed unless the verdict is plainly and palpably wrong." (Citations omitted.)
Smith v. MBL Life Assurance Corp., 589 So.2d 691, 695 (Ala.1991).
The record reveals that Hinson suffered pain to the neck, back, right hip, right leg, right great toe, and right arm, and also suffered a muscle tear and soreness, fatigue, and headaches as a result of the accident. Hinson contends that the verdict was inadequate, because he was not awarded damages for pain and suffering, or mental anguish, even though he submitted evidence of such. For support of this argument, Hinson relies on McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala. 1980). We find that case to be distinguishable.
In McCain, the trial court awarded only the stipulated amount of medical expenses to the plaintiff. Our supreme court reversed, finding that the trial court was obliged to give substantial compensation for substantial injuries. The evidence in that case revealed that McCain underwent extended hospitalization for multiple injuries, including multiple broken bones, and *1107 that McCain required extensive therapy, including reambulation, and that his injury was permanent. McCain, supra.
The McCain case also relied on the authority of Walker v. Henderson, 275 Ala. 541, 156 So.2d 633 (1963). Similarly, in the Walker case, our supreme court ordered a new trial due to the inadequacy of the damages awarded in light of the plaintiff's severe and substantial injuries. In that case, the plaintiff was struck by an automobile while riding a horse and, consequently, required extensive hospitalization because of severe muscle and nerve damage and atrophy of the right leg. This condition caused the plaintiff to walk with a limp and required him to wear a brace. He also was unable to work following the accident. The supreme court held that "[t]he undisputed evidence shows that the plaintiff sustained severe and substantial injuries." Walker, 275 Ala. at 545, 156 So.2d at 636.
In the instant case, the record reveals that Hinson did not miss any work as a result of the accident, but that he has missed some time from work since the accident for medical treatment. The evidence is conflicting as to whether Hinson suffered a permanent injury. Although we might agree that Hinson may be in discomfort, we cannot invade the province of the jury under these circumstances. A reviewing court can substitute its judgment for that of the jury on the question of damages only if the amount is so grossly inadequate in that it failed to give substantial compensation for substantial injuries. Walker, supra. In the absence of evidence of substantial injuries in this case, we cannot substitute our judgment for that of the jury. Davis v. Copas, 455 So.2d 27 (Ala.Civ.App.1984).
Hinson also asserted that the jury verdict was inadequate in that no award for loss of future earnings or earning capacity was made. Hinson indicated that he would suffer a loss of future earnings in the amount of $1 million to $1.7 million over the balance of his career. Evidence presented by King, however, showed that the revenues from Hinson's dental practice had increased since the accident. The record revealed an extensive cross-examination of Hinson and his expert witness, which created conflicts and exposed weaknesses in Hinson's claim for future loss of earnings and earning capacity. Due to the conflicting nature of the evidence, we will not substitute our judgment for that of the jury. Davis, supra.
Having considered all of the issues raised on appeal, we conclude that this judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.