Stephanie White and her husband James M. White filed separate lawsuits against Elwynn Cobb Searcy, claiming damages for personal injuries and for loss of consortium, respectively, following an automobile accident in which Mrs. White was injured. The *Page 578 
cases were consolidated for trial; a jury awarded Mrs. White $3,000 but found against Mr. White. The Whites filed a "Motion For Judgment Notwithstanding The Verdict Or, In The Alternative, For New Trial." That motion was denied; the court entered a judgment based on the verdict, and the Whites appealed.
The Whites claim that they are entitled to a new trial. They raise the following issues: 1) whether the jury returned an inconsistent verdict by finding for Mrs. White on her personal injury claim, yet finding against Mr. White on his loss of consortium claim; 2) whether the damages awarded were inadequate; 3) whether the verdict against Mr. White and the amount of damages awarded to Mrs. White were against the great weight and preponderance of the evidence presented at trial; 4) whether it was reversible error to allow Searcy to testify concerning the speed of Mrs. White's car; 5) whether it was reversible error for the trial court to instruct the jury on contributory negligence; and 6) whether there was a cumulative effect of errors warranting reversal and a new trial.
On December 5, 1989, Searcy's car collided with Mrs. White's car. Mrs. White sustained injuries, including black eyes, bruises across her chest, and blood clotting in her right breast. She testified that she hit her head on the steering wheel of her car, and that she suffered neck and upper back pains. As a result of her injuries, she missed four and one-half days from work.
The Whites first contend that the verdict, for Mrs. White and against Mr. White, is inconsistent as a matter of law. We disagree.
The jury heard all of the evidence in support of Mr. White's claim for damages for a loss of consortium and then returned a verdict for Searcy on that claim. An award of damages in favor of an injured spouse does not require a jury to find in favor of the other spouse on a companion claim alleging loss of consortium. See Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891
(1968). In Phillips v. Tays, 555 So.2d 1096, 1097-98
(Ala.Civ.App. 1989), this court noted:
 "[A] verdict for one spouse in a suit arising out of an accident, and . . . against the other spouse who sued for loss of society and consortium, is not inconsistent."
(Citation omitted.) We find no error on this point.
Next, we consider whether the trial court erred in denying Mrs. White a new trial on her claim that the damages awarded were inadequate.
 "When damages awarded are challenged on grounds of inadequacy, we will reverse only where, after a consideration of all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."
Sweet v. Foust, 419 So.2d 260, 261 (Ala.Civ.App. 1982).
Mrs. White and her husband testified about her injuries resulting from the accident. She also presented testimony from her physician and her chiropractor. The jury, in awarding Mrs. White $3,000 in damages, found that Searcy was negligent and that he had proximately caused Mrs. White's injuries. Mrs. White contends that the verdict was inadequate because she offered evidence of medical expenses exceeding $7,000. In support of her argument, Mrs. White relies on McCain v. RedmanHomes, Inc., 387 So.2d 809 (Ala. 1980). We find that case to be distinguishable from this case, however.
In McCain, the trial court awarded the plaintiff only the stipulated amount of medical expenses. Our supreme court reversed, holding that the trial court was obliged to give substantial compensation for substantial injuries. The evidence in that case indicated that the plaintiff had been caused to undergo extended hospitalization for multiple injuries, including multiple broken bones, that the plaintiff required extensive therapy, including reambulation, and that the plaintiff's injuries were permanent.
In this case, however, the jury could have found from the evidence that Mrs. White's injuries were not substantial. In fact, her physician's testimony was that her injuries included "generalized aches and pains . . . no *Page 579 
neurological deficits." Her physician said, "She was noted to have a rather large bruise over her right breast. Examination was otherwise unremarkable." The physician also said, "[S]ince there were no substantial problems, it is my best educated guess that most of her injuries were self-limited and should have resolved in time." This was consistent with testimony by Mrs. White's chiropractor. Searcy's lawyer disputed the amount of medical expenses that Mrs. White alleged were incurred as a direct result of the accident. In that regard, the jury was free to draw its own inferences from the evidence submitted. Under the facts of this case, we do not find the damages awarded clearly inadequate.
We disagree with the Whites' claims that the verdict against Mr. White and the damages awarded Mrs. White were against the great weight of the evidence. A jury verdict is presumed to be correct and should not be reversed unless it is plainly and palpably wrong. Hinson v. King, 603 So.2d 1104 (Ala.Civ.App. 1992). This presumption is strengthened by the trial court's denial of a post-judgment motion for a new trial. Id. This court must review the evidence most favorably to the prevailing party and must indulge all inferences that the jury was free to draw. Id. A complete review of the record reveals sufficient evidence to support the jury's verdict and the trial court's ruling on this issue.
Also, Mrs. White claims that the trial court erred in allowing Searcy to testify as a lay witness regarding the speed at which Mrs. White's car was traveling at the time of the wreck. It was error to allow this testimony; however, we conclude that the error was harmless. Rule 45, Ala.R.App.P. The jury determined that Searcy was negligent and returned a verdict for Mrs. White. As a result, she was not prejudiced.
Similarly, even if the trial court erred in instructing the jury on contributory negligence, the error was harmless. Alabama law bars recovery if a party is found to have been contributorily negligent. Creel v. Brown, 508 So.2d 684 (Ala. 1987). In this case, however, the jury found for Mrs. White and awarded her damages; it apparently found that she had not been contributorily negligent.
After thoroughly reviewing the record, this court concludes that the trial court did not err in denying a new trial. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.