676 So.2d 928 (1996)
Ex parte N.P.
(In re K.P. and N.P. v. Josiah F. REED, M.D).
1941703.
Supreme Court of Alabama.
February 23, 1996.
*929 Charles A. Dauphin and Mary Margaret Bailey of Baxley, Dillard, Dauphin & McKnight, Birmingham, for Petitioner.
Thomas H. Keene and William H. Webster of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, for Respondent.
HOUSTON, Justice.
We granted certiorari review in order to consider the single issue whether the Court of Civil Appeals erred in upholding the trial court's denial of N.P.'s motion for a new trial of her loss of consortium claim against the defendant, Dr. Josiah Reed.

Factual Background
In 1985, N.P.'s husband, K.P., was referred to Dr. Reed for the treatment of Peyronie's disease. This disease causes pain and disfigurement to the penis. Dr. Reed recommended surgery to correct this condition. It was undisputed that the recommended procedure was very risky and that in some cases Peyronie's disease improves markedly without surgery, given time.
On March 31, 1986, Dr. Reed performed surgery on the husband to attempt to correct the condition. After the surgery, Dr. Reed applied an "elastoplast" pressure dressing, which was left on for 45 hours. After the dressing was removed, most of the husband's penis tissue turned black and had to be removed.
The evidence clearly showed that the husband went through tremendous pain and mental anguish, as a result of the unsuccessful procedure. Dr. Reed does not dispute that since the surgery the husband has never been physically able to have intercourse with the wife. The husband eventually underwent two reconstructive surgeries in a failed attempt to restore sexual function. There was also uncontradicted evidence that before the initial surgery, even up to the night before it, N.P. and her husband were still able to have intercourse, although the husband's Peyronie's disease was making intercourse increasingly painful for him.
Since the surgery, because of the husband's embarrassment caused by his physical condition and because of N.P.'s desire not to *930 make him feel sexually inadequate, N.P. and her husband no longer share the same bed. N.P. also testified that she has been forced to help her husband deal with bouts of depression and moodiness that have followed his disfigurement, while having to deal with her own emotional reaction to the entire ordeal.

Procedural History
The husband sued Dr. Reed for malpractice, seeking recovery for pain and suffering based upon three theories: (1) lack of informed consent, (2) negligence in proceeding with surgery the husband alleged was unnecessary, and (3) negligence in post-operative care. N.P. joined her husband's action, claiming damages for loss of consortium.[1] After a five-day trial, the jury returned a verdict in favor of the husband, but awarded him only $1.00 in damages; it returned a verdict against N.P. on her loss of consortium claim. Following the judge's entry of a judgment based on the verdict, both N.P. and her husband moved for a new trial; their motions were denied by operation of law, pursuant to Rule 59.1, Ala.R.Civ.P., after 90 days. They then appealed to the Court of Civil Appeals.
The Court of Civil Appeals reversed the denial of a new trial as to the husband,[2] but affirmed the denial of a new trial as to N.P. That court wrote:
"`An award of damages in favor of an injured spouse does not necessitate a companion verdict for loss of consortium for the other spouse.' [Hinson v. King, 603 So.2d 1104, 1106 (Ala.Civ.App.1992)]. See also White v. Searcy, 634 So.2d 577 (Ala. Civ.App.1994).... The jury's verdict on a claim for loss of consortium can be overturned only when there is a clear abuse of discretion evidencing passion or bias. Phillips v. Tays, 555 So.2d 1096 (Ala.Civ. App.1989). In considering the wife's claim for loss of consortium, the jury could properly consider the state of the husband's health before the surgery. Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965).
"The evidence showed that, for at least several months before the surgery was performed, the husband had been experiencing severe pain and curvature of the penis.... Considering all of the evidence presented to the trial court, we cannot say that the jury's verdict against the wife on her claim for loss of consortium was inconsistent with the verdict in favor of her husband."
K.P. v. Reed, 676 So.2d 933, 938, (Ala.Civ. App.1995).

Discussion
Because a claim for loss of consortium is a derivative claim, a jury must find for a spouse asserting a loss of consortium if the jury finds against the defendant on the underlying claim, provided that the spouse claiming loss of consortium can prove damage to his or her marital interest resulting from the underlying wrongful act. The jury found Dr. Reed liable for malpractice. A finding for the husband under any one of his three theories necessitated a finding that some negligent or otherwise wrongful act of Dr. Reed caused the husband to become disfigured and to be rendered impotent. Furthermore, because of Dr. Reed's alleged malpractice, the husband had to undergo a surgical debridement of the dead tissue and two subsequent reconstructive surgeries; this caused N.P. to be separated from her husband for long periods and caused the husband to be forced to undergo months of recovery. During all of this, the husband was distraught and emotionally distant. Considering the evidence presented to the jury, we can conclude only that the jury's verdict, finding Dr. Reed guilty of negligence or some other wrongful act but failing to find that N.P. had suffered any loss of consortium, reflected "a clear abuse of discretion as will evidence passion or bias." Cook v. Sweatt, 282 Ala. 177, 180, 209 So.2d 891, 894 (1968). Uncontradicted substantial evidence before the jury indicated a significant loss of *931 consortium on the part of N.P. resulting directly from Dr. Reed's malpractice.[3]
The Court of Civil appeals correctly pointed out that "`[a]n award of damages in favor of an injured spouse does not necessitate a companion verdict for loss of consortium for the other spouse,'" quoting Hinson v. King, 603 So.2d 1104, 1106 (Ala.Civ.App. 1992) (emphasis added). This is true because a verdict in favor of an injured spouse and a verdict against the other spouse on a derivative consortium claim are not inconsistent, if the spouse claiming a loss of a consortium failed at trial to present substantial evidence of damage to his or her marital interest caused by the injury to the other spouse or if the evidence of the damage presented is truly controverted.
The cases Dr. Reed relies on to support the jury's verdict against N.P. are distinguishable. In each of those cases, the spouse seeking damages for loss of consortium failed to present adequate evidence of an injury to his or her marital interest. In Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965), this Court stated: "The [Cook] jury was entitled to conclude from the evidence that even though the defendants were guilty of negligence [in injuring the wife co-plaintiff] as charged, the plaintiff-husband suffered no damages therefrom." 282 Ala. at 181, 209 So.2d at 894; see also Hinson v. King, 603 So.2d 1104 (Ala.Civ.App.1992); White v. Searcy, 634 So.2d 577 (Ala.Civ.App.1994); TG&Y Stores v. Atchley, 414 So.2d 912, 914 (Ala.1982) ("There is no evidence that Willie Atchley suffered any damages as a result of his wife's injuries."). Furthermore, the cases cited by Dr. Reed do not involve underlying personal injuries as intimately related to the spousal relationship as the injuries involved in this case.
For the foregoing reasons, the judgment of the Court of Civil Appeals affirming the denial of N.P.'s motion for a new trial on her loss of consortium claim is reversed, and this case is remanded.
REVERSED AND REMANDED.
ALMON, SHORES, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., recuses.
NOTES
[1] In April 1992, the trial court dismissed all of the plaintiffs' claims, on the basis of a failure to prosecute, but that dismissal was reversed in K.P. v. Reed, 626 So.2d 1241 (Ala.1992).
[2] The Court of Civil Appeals held that the trial court abused its discretion in denying the husband's motion for a new trial based upon the inadequacy of the damages award.
[3] The wife was in her early 40s and the husband in his late 40s when Dr. Reed performed the operation on the husband. Dr. Reed's contention that the jury could have found that, because of the pain it caused the husband, N.P. and her husband were no longer engaging in intercourse even before the surgery would not in itself be dispositive, even if there was substantial evidence from which the jury could have made such a finding. The consortium interest of a spouse is more than a mere interest in continued sexual intercourse. In addition to "sexual relations," "[c]onsortium includes love, companionship, affection, society, comfort, solace, support, ... and services." Charles W. Gamble, Alabama Law of Damages, § 20-3, p. 262 (3d ed.1994) (quoting 1 Alabama Pattern Jury Instructions: Civil, Instruction 11.13-A (2d ed. 1993)).