THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Russell Corporation, Appellant,
v.
William M. Gregg, II, Respondent.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2005-UP-556
Submitted September 1, 2005  Filed October 17, 2005

REVERSED AND REMANDED

 
 
 
Lawrence W. Johnson, Jr., of Columbia, for Appellant.
Harry A. Swagart, III, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Russell Corporation appeals a trial courts decision granting summary judgment to William M. Gregg, II, and finding Gregg was released from his liability for South Carolina Tees debts by rescinding his personal guaranty.  We reverse and remand.
FACTS
In July 1985, William Gregg signed a continuing guaranty on behalf of South Carolina Tees, Incorporated, in order for his company to secure merchandise from Russell Corporation.  The guaranty was subject to interpretation under the laws of the State of Alabama, and was a continuing guaranty and shall continue in full force and effect . . . until the full performance, payment, and discharge of all said Customer Obligations, and thereafter until actual receipt by [Russell] from [Gregg] of written notice of cancellation.  (Emphasis added).
In May 1998, Michael Thaxton, Russells Manager of Credit and Accounts Receivable, wrote to Gregg to inform him that the continuing guaranty was not affected by South Carolina Tees change of address.  On May 8, 1998, Gregg responded in a letter, which states:  In response to your letter dated May 2, 1998, the guaranty you quote was revoked at least five years ago.  Thaxton responded by inclosing a copy of the guaranty with a letter stating:  You will note that revocation of this guarantee can only be accomplished through written notice to our offices.  We have no such written notice therefore the guarantee is enforceable.  
On December 27, 2002, Russell filed a complaint against Gregg seeking to enforce the continuing guaranty and collect amounts owed on behalf of South Carolina Tees.  Gregg denied the guaranty was still in effect.  The parties filed cross-motions for summary judgment.  Gregg maintained Russell dispensed with the requirement of a personal guaranty after 1992 or that [Gregg] cancelled his guaranty in accordance with the terms thereof.  
Each party provided affidavit and deposition testimony in support of the motions for summary judgment.  Gregg presented his affidavit as well as that of David Young to support the claim that he was released by Russell in 1992.  In Greggs affidavit, he states that in 1992 he contacted Young regarding the guaranty and was subsequently released from any further guaranties.  Gregg also stated that Young called Sally Lambeth (now Hornsby) and she verified that the guaranty was in Russells cancelled guaranty file.  Youngs affidavit also indicates that in 1992 the guaranty was orally cancelled at the request of Gregg.  
Russell put forth the affidavits of Sally Lambeth Hornsby and Michael Thaxton, who replaced Young at Russell when Young went to work for Gregg, as well as Thaxtons deposition.  In his deposition, Thaxton indicated he never found any written notice of the revocation of the guaranty in Russells files.  He also stated Russells position was that the guaranty was still in effect.  
In his affidavit, Thaxton described Russells policy when a guaranty is cancelled.  He stated the guaranty would have been returned to Gregg and that there is no canceled guaranty file as indicated in Greggs affidavit.  Additionally, he stated that Russell would have completed additional evaluation of the credit position of South Carolina Tees when Gregg was released.  He indicated there was no evidence in Russells files of the evaluation.  Finally, he stated that the policies of Russell are the same ones that were in effect when Young was employed by Russell and have not changed.  
Sally Hornsby indicated in her affidavit that from 1993 through 2000, Greggs guaranty remained in full effect.  She stated that she never informed Young or anyone else that the guaranty was revoked or canceled.  Finally, she stated the policy of Russell was to return the original guaranty to the guarantor and place a copy in the credit file indicating it had been revoked.  
The trial court granted summary judgment in favor of Gregg, finding the affidavits and testimony by Thaxton and Hornsby were insufficient to create a genuine issue of material fact regarding whether the guaranty was revoked.  The court held that testimony regarding Russells procedures and the fact the procedures were not followed was insufficient to create a genuine issue of fact.  The court further concluded that even if the guaranty was not revoked in 1992, the letter by Gregg indicating his belief the guaranty was revoked was sufficient notice to Russell to cancel the guaranty.  As all obligations sought to be collected by Russell occurred after 1998, the court concluded Gregg was not liable on his guaranty and was entitled to summary judgment.  This appeal followed.
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court:  summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991).  In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party.  Strother v. Lexington County Recreation Commn, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).  On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the nonmoving party below.  Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).
LAW/ANALYSIS
Russell maintains the court erred in granting summary judgment to Gregg because there was a genuine issue of material fact with regards to whether the guaranty was canceled in 1992.  Additionally, Russell contends the court erred in finding Greggs 1998 letter sufficient to constitute written notice of the revocation of the guaranty under Alabama law.  We agree.
I.       1992 Revocation
Russell asserts Thaxtons deposition as well as the affidavits by Thaxton and Hornsby create a genuine issue of material fact regarding whether Gregg properly revoked his guaranty in 1992.   We agree and find summary judgment was inappropriate.  
If triable issues exist, those issues must be submitted to the jury.  Young v. S.C. Dept of Corr., 333 S.C. 714, 718, 511 S.E.2d 413, 415 (Ct. App. 1999).  Even where no dispute as to evidentiary facts exists, but only as to the conclusions or inferences to be drawn from them, summary judgment should not be granted.  Hall v. Fedor, 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  Moreover, summary judgment is a drastic remedy that should be cautiously invoked to ensure no person is improperly deprived of a trial of disputed factual issues.  Lanham v. Blue Cross & Blue Shield of S.C., 349 S.C. 356, 363, 563 S.E.2d 331, 334 (2002).
In the current case, the guaranty specifically provided it shall continue in full force and effect . . . until the full performance, payment, and discharge of all said Customer Obligations, and thereafter until actual receipt by [Russell] from [Gregg] of written notice of cancellation.  (Emphasis added).  Neither Youngs nor Greggs affidavit indicated Gregg supplied written notice of his intention to cancel the guaranty.  
Additionally, Thaxtons affidavit creates a genuine issue of material fact because he indicates Russells files did not show a cancellation.  Thaxton indicated Young established the procedures to be followed when a guaranty is cancelled.  He testified that none of the procedures, including sending the guaranty back to the guarantor or performing a follow-up credit review, were noted in Russells file.  Finally, Hornsby indicated the guaranty was still in effect as it was the entire time she was in her position, which was from 1993 until 2000.  She also testified regarding the proper procedures when a guaranty is revoked and noted that none of these were followed for Gregg. 
Accordingly, we believe Russell submitted sufficient evidence to indicate the cancellation provision of the guaranty was not complied with in 1992.  In addition, there was evidence from which a jury could determine the guaranty was not revoked but was still in effect.  Therefore, the court erred in granting summary judgment to Gregg based on his alleged revocation in 1992.
II.      1998 Revocation
Russell contends the trial court erred in finding Greggs 1998 letter constituted sufficient notice to cancel the guaranty.  We agree and find that under Alabama law, whether the letter was sufficient was a question of fact for a jury to determine.
In Livingston v. Atlantic Coast Line Railroad, 176 S.C. 385, 180 S.E. 343 (1935), our Supreme Court discussed the traditional choice of law provision for contracts:

It is fundamental that unless there be something intrinsic in, or extrinsic of, the contract that another place of enforcement was intended, the lex loci contractu governs.  If the contract be silent thereabout, the presumption is that the law governing the enforcement is the law of the place where the contract is made.

Livingston, 180 S.E. at 345.
In the instant case, the guaranty specifically states it shall be interpreted according to the laws of the State of Alabama.  Accordingly, we look to Alabama law to determine whether Greggs 1998 letter satisfies the written notification requirement of the guarantee.
In Sharer v. Bend Millwork Systems, Inc., 600 So.2d 223 (Ala. 1992), the Alabama Supreme Court held a written notice requirement was not satisfied where the creditor had actual notice that the guarantor was no longer affiliated with the borrower.  However, in that case, there was no allegation of any writing.  Sharer simply alleged the creditor had notice of his intentions to be relieved and that he no longer was involved in the company for which he had executed the guaranty.  Id. at 226-227.
However, in Lightsey v. Orgill Brothers and Company, Inc., 454 So.2d 1002 (Ala. Civ. App. 1984), the court found:

It is settled law that [a] promise of guaranty ··· is revocable like other offers. 1 A. Corbin, Corbin on Contracts § 38 (1963). The method of exercising this power [of revocation] varies; usually it is by giving notice to the offeree. 1 A.Corbin, Corbin on Contracts § 38 (1963).
It is settled law in Alabama that [c]ontracting parties are free to modify their contract by mutual assent. Kinmon v. J.P. King Auction Co., 290 Ala. 323, 276 So.2d 569 (1973). And, since mutual assent is a factual issue, it must be determined by the jury. Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965).      

Lightsey, 454 So.2d at 1005.
In Lightsey, the guarantor notified the creditor that they no longer owned the company for which they executed the guaranty.  The creditor required them to write a letter advising it of the sale.  The letter was written advising of the sale, but did not specifically revoke the personal guaranty.  The Alabama court found there was evidence from which the jury could determine whether the letter was sufficient to revoke the personal guaranty.  Id. at 1005-06.
The writing in the case sub judice does not specifically revoke the guaranty, nor does it expressly notify Russell that Greggs intention was to revoke the guaranty.  In addition, Thaxton explained that a written revocation was necessary to comply with guarantys provisions.  It is undisputed that Gregg never offered additional written notice of his revocation.  Accordingly, the issue of whether the letter was sufficient notice of Greggs intent to revoke the guaranty should have been submitted to the jury for consideration.  Therefore, the court erred in granting summary judgment to Gregg.[1]
CONCLUSION
We find there was evidence presented from which a jury could determine Gregg did not properly cancel his personal guaranty in 1992.  Additionally, under Alabama law, whether the 1998 letter was sufficient notice to cancel the guaranty is a question for the jury.  Therefore, we find the court improperly granted summary judgment to Gregg.  The decision of the court is 
REVERSED AND REMANDED. [2]
ANDERSON, J., HUFF and WILLIAMS, JJ., concur.

[1] Russell also argues the court erred to the extent the order can be read to find Russell was estopped from enforcing the guaranty.  We agree.  Estoppel is an affirmative defense.  Janasik v. Fairway Oaks Villas Horiz. Prop. Regime, 307 S.C. 339, 345, 415 S.E.2d 384, 388 (1992).   It was not pled in this case, and was therefore waived.  See Howard v. S.C. Dept of Highways, 343 S.C. 149, 155, 538 S.E.2d 291, 294 (Ct. App. 2000).  The order of the trial court is also reversed to the extent it can be read to grant summary judgment based upon a theory of estoppel. 
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.